## No. 9867.

## The Mogote-Northeastern Consolidated Ditch Co. *v.* Gallegos.

### Decided January 9, 1922.

Action against a ditch company for damages alleged to have been occasioned by the overflow of its ditch on the premises of plaintiff. Judgment for plaintiff.

### *Reversed.*

1. Evidence—*Conclusion of Witness.* A question which calls for the conclusion of a witness upon the ultimate fact to be found by the jury is improper, and the admission of such evidence over objection is error.

2. Damages—*Measure of—Instructions.* The measure of damages to real estate occasioned by the overflow of a ditch, is the difference in value of the property immediately before and immediately after the injury. The giving of an instruction in such circumstances, which fixes the measure of damages as the cost of repairing the buildings to such a state or condition as they were in immediately previous to the alleged injury, is erroneous.

3. Trial—*Inspection of Premises by Jury.* An inspection of the premises by the jury, under the provisions of section 188 Mills' Ann. Code, is a matter entirely within the discretion of the trial court.

*Error to the District Court of Conejos County, Hon. Jesse C. Wiley, Judge.*

Mr. RALPH L. CARR, for plaintiff in error.

Mr. JAMES P. VEERKAMP, for defendant in error.

*En banc.*

MR. JUSTICE WHITFORD delivered the opinion of the court.

IN the court below defendant in error was plaintiff and plaintiff in error was defendant. The parties herein will be designated as in the trial court. The defendant is a corporation organized for the purpose of operating an irrigation ditch. The ditch is constructed across the lands of the plaintiff and within seventy-five yards of his residence, corral and other ranch houses. The complaint alleged that the defendant negligently and carelessly ran water in its irrigation canal in the month of January, 1919, and that in consequence thereof ice formed and accumulated in the ditch near plaintiff's home and the ranch houses, thereby obstructing the flow of water in the channel of the canal, which resulted in an overflow of its embankments upon plaintiff's premises, where water stood and ice formed to the depth of one and a half feet about his house, barn, corral, garage and yard, causing him to suffer damages to his buildings, livestock and other personal property.

The answer denied negligence and as an affirmative defense alleged that the freezing and overflow were the result of inevitable accident or an act of God, and also that the plaintiff was guilty of contributory negligence.

The trial resulted in a verdict for the plaintiff and motion for a new trial was denied and judgment entered for $1800.00.

The first, second, third and fourth assignments of error relate to the admission of testimony over the objection of defendant. The following question was asked the witness Lucero and he was permitted to answer over the specific objection of the defendant that it called for a conclusion of the witness, which was the ultimate fact to be found by the jury: "Now you may state what amount the house has been damaged? A. $1700.00." The witness was also

asked: ` "You may state what the amount of damage was to the garage. A. $75.00." Similar questions were asked the witness with respect to the damage to the well and trees. The questions were improper and the objections should have been sustained. The witness was thus called upon to usurp the province of the jury and determine the ultimate fact to be tried by it. The admission of the evidence was clearly erroneous. *Old v. Keener,* 22 Colo. 6-10, 43 Pac. 127; *Montelius v. Atherton,* 6 Colo. 224-230; *Ft. Collins D. R. Co. v. France,* 41 Colo. 512-520, 92 Pac. 953.

Another assignment of error is that the court charged the jury that "The measure of damages to buildings is the cost of repairing them to such a state or condition as they were immediately previous to the alleged injury." The chief demand for damages was to the freehold. The pleadings admit that the plaintiff was the owner of the farm, and was residing thereon with his family at the time the overflow occurred. The rule has often been announced by this court in such circumstances as here disclosed, that the measure of damages to the real estate is the difference in the value of the property immediately before and immediately after the injury, and not the cost of repairing to such a state or condition as they were immediately previous to the injury. This instruction was erroneous. *Mustang Co. v. Hissman,* 49 Colo. 308-310, 112 Pac. 800.

It is urged that the refusal by the court to permit the jury to visit and view the premises was prejudicial to the rights of the defendant. Section 188 of Mills Ann. Code places the matter complained of entirely within the discretion of the court, and the construction of that section by this court settles the matter against the contention of defendant. *Greeley Co. v. Von Trotha,* 48 Colo. 12, 23, 108 Pac. 985; *Saint v. Guerrerio,* 17 Colo. 448, 30 Pac. 335, 31 Am. St. Rep. 320.

As the case must be reversed and a new trial ordered, we will express no opinion upon other points raised by the record.

Reversed and remanded for new trial.

MR. CHIEF JUSTICE SCOTT and MR. JUSTICE BAILEY not participating.