No. 10,278.

BIG FIVE MINING CO. *v*. LEFT HAND DITCH CO., ET AL.

Decided July 2, 1923.

Action for damages to property caused by flooding resulting from the breaking of a dam.  Judgment for plaintiff.

*Reversed.*

1.  DAMAGES—*Measure of, for Flooding Property.*  While the general rule is that damages to real estate are to be determined by finding the difference between its value before and after the injury, it is not of universal application, there being cases in which it would not do justice.

2.  *Evidence.*  In an action for damages to mining claims and improvements thereon, caused by flood water, there being no market value for the property injured, it is held that evidence tending to show the loss was admissible.  The rule to be ap-

plied is such as would enable the jury to determine, as near as may be, the actual loss suffered.

*Error to the District Court of Boulder County, Hon. George Bradfield, Judge.*

Mr. CARLE WHITEHEAD, Mr. ALBERT L. VOGL, for plaintiff in error.

Mr. HENRY E. LUTZ, Mr. RUDOLPH JOHNSON, for defendants in error.

En banc.

MR. CHIEF JUSTICE TELLER delivered the opinion of the court.

PLAINTIFF in error sued defendants in error for damages to plaintiff's property by flood, resulting from the breaking of the dam of defendants' reservoir. Defendants' liability was conceded, and the question tried was as to the amount of damages. The complaint charged that the flood washed away the surface soil of a mill site, and several lode claims, for a long distance along the banks of Left Hand Creek, destroyed a water system, including a dam and pipe line used for supplying water to the mill, and a portion of the road and bridge by which access was had to the mill, and, in addition, destroyed some personal property in the mill.

Plaintiff introduced evidence showing the cost of restoring the water system, repairing the road and the mill, and rebuilding the bridge.

The defendant conceded liability for damages to the personal property of plaintiff to the extent of $124.66. On motion of defendants, the court directed the jury to return a verdict for that sum, and to make no finding whatever as to the damage to the real estate. A verdict was returned accordingly, and judgment entered on the verdict.

Plaintiff in error contends that the court erred in thus instructing the jury. It claims: First, that no direction

for a verdict should have been given because, in any event, the plaintiff was entitled to nominal damages; and, second, that the evidence as to the cost of repairs and replacement was competent, though not conclusive as to the damages suffered.

The first objection need not be considered since the judgment gave substantial damages.

The trial court directed a verdict avowedly upon the case of *Mustang Reservoir Co. v. Hissman,* 49 Colo. 308, 112 Pac. 800. While the general rule is that damages to real estate are to be determined by finding the difference between its value before the injury and its value afterwards, it is not of universal application, there being cases in which it would not do justice. In the case above mentioned the plaintiff claimed damages because of the flooding of ninety acres of his land by the breaking of a reservoir dam. It was held that a tendered instruction, laying down the rule above stated, was erroneously refused "under the facts here shown." In the opinion it is pointed out that the cost of removing the rubbish and debris from the land might be more than the value of the land before the injury, and more than it would be worth after being cleared. The opinion admits that it would have been competent for the plaintiff to show what would be a reasonable cost for clearing the land "as an element in assisting to determine the difference in the value of the land just before and immediately after the flooding."

It is further stated that the cost of clearing the land was not the measure of damages, "but rather evidence to be considered in connection with other circumstances in estimating the extent thereof." Applying the language of the court in that case to the instant case, it is clear that there was evidence proper to be considered in estimating the amount of damages which plaintiff had suffered.

In *State Insurance Co. v. Taylor,* 14 Colo. 499, 24 Pac. 333, 20 Am. St. Rep. 281, it is stated that the measure of damages in case of injury to or destruction of a building, is not simply the difference between the value before and

the value after the injury, to be determined by showing the market value before and after; and that actual loss may occur to property which has no market value at all. We there said that it is for the jury to determine how much money will make good the loss.

In *Johns v. Bondurant,* 21 Colo. App. 24, 120 Pac. 1047, and in *Colorado Springs Co. v. Albrecht,* 22 Colo. App. 201, 123 Pac. 957, the court recognizes that evidence as to the cost of repairing damages to improvements is admissible, as bearing upon the damages to the freehold.

It would seem that the general rule that evidence is admissible which is the best, in the nature of the case, obtainable, should apply in a case like this. It is clear that mining claims have no market value, nor have mills thereon, or private roads thereto; hence other evidence tending to show the loss should be admitted.

In *Langdon v. The Mayor,* 133 N. Y. 628, 31 N. E. 98, it was held that where a necessity existed for departing from the general rule as to the measure of damages, that rule would not be applied; and that the best evidence obtainable as to damages would be admissible. One claiming damage is, therefore, remitted to such evidence as will best enable the jury to determine what loss has been suffered, when the freehold or improvements have been damaged.

While the authorities differ as to the rule for the ascertainment of damages, under varying circumstances, it is everywhere admitted that the rule to be applied should be such as will enable the jury to determine, as near as may be, the actual loss suffered.

In *Slavin v. State,* 152 N. Y. 45, 46 N. E. 321, where damages were sought for injury to plaintiff's cellar by water seeping from a canal, it was said:

"The ordinary rule of damages in case of an unlawful injury to real property is the depreciation in value caused thereby. Where the injury is to a building and is one which admits of reparation at a reasonable cost, * * * the cost of reparation would generally measure the depre-

ciation and the indemnity to which the owner would be entitled."

The cost of replacing destroyed buildings, fences and other improvements, which may be at once replaced, and the exact cost of which is capable of definite ascertainment, is the measure of damages.   8 R. C. L. 485; 17 C. J. 882.

In *Matthews v. Missouri Pac. R. Co.*, 142 Mo. 645, 44 S. W. 802, the court held that the rule here contended for by defendant in error can only be applied in cases in which the injury is done to the real estate itself, as distinguished from injury to or destruction of what may be erected or grown upon it.   The court held, further, that the difference between the value of the real estate before and its value after the injury, would not generally afford a fair rule for measuring the damages to improvements.

In *Watson v. Mississippi River Power Co.*, 174 Iowa, 23, complaint was made of an instruction that the measure of damages was the reasonable cost of restoring the injured buildings to the condition they were in immediately before the injury thereto.   Appellant claimed that the proper rule was that for which the defendant in error contends here.   The court said:

"The measure of damage for injury to real property is not invariable, as there may be circumstances under which either of the rules stated would be applicable.   The rule stated by appellant is more often applied where the damage is permanent, or cannot well be expressed in specific items of injury capable of easy repair or remedy, but does affect in some substantial degree the value of the entire property as a unit.   But where the injury is susceptible of remedy at moderate expense, and the cost of restoring it may be shown with reasonable certainty, the rule given * * * by the trial court is entirely proper."

This rule is announced also in *FitzSimons v. Braun*, 199 Ill. 390, 65 N. E. 249, 59 L. R. A. 421; in *Shrieve v. Stokes*, 8 B. Monroe, (Ky.) 453, 48 Am. Dec. 401, and in *Hide v. Thornborough*, 61 Eng. C. L. 250.

Injury to the mill, the road and the bridge clearly fall within this rule. The measure of damage from the washing away of the surface soil of the mill site and the mining claims would naturally be the difference in the value of the property,—for the purpose to which it is devoted,— before and after the injury, to be shown by the best obtainable evidence.

Defendants in error rely upon *Mogote Ditch Co. v. Gallegos,* 70 Colo. 550, 203 Pac. 668. That was a case of flooding by the overflow of a ditch, the property injured including farm buildings, a well, trees and farm yards.

Complaint was made of an instruction that the measure of damages to buildings is the cost of repairing them to such a state or condition as they were previous to the injury. The court said:

"The chief demand for damages was to the freehold. * * * The rule has often been announced by this court in such circumstances as here disclosed, that the measure of damages to the real estate is the difference in the value' of the property immediately before and immediately after the injury, and not the costs of repairing to such a state or condition as they were immediately previous to the injury. This instruction was erroneous. *Mustang Co. v. Hissman,* 49 Colo. 308-310, 112 Pac. 800."

From this language it appears that the court treated the injury as one to real estate, in which case the rule announced was correct. In view of what was said in *Mustang Co. v. Hissman, supra,* cited as authority for the ruling, and the other holdings in this jurisdiction as above mentioned, we cannot regard the case as intending to announce a rule which is applicable in all actions for damages to real estate and improvements thereon. It appears, then, that in the case at bar, there was evidence proper to be considered by the jury in the matter of compensatory damages.

The court therefore erred in directing a verdict, and the judgment is accordingly reversed.

MR. JUSTICE CAMPBELL dissents upon the ground that the case is ruled by *Mogote Ditch Co. v. Gallegos, supra.*