## No. 10,847.

THE COLORADO BRIDGE AND CONSTRUCTION CO. *v.* PREUIT.

Decided March 3, 1924.

Action for services rendered, and damages to real property.   Judgment for plaintiff.

*Affirmed.*

*On Application for Supersedeas.*

1. MASTER AND SERVANT—*Partial Performance of Work.*  In an action by an employe for services rendered, if the defendant voluntarily assisted plaintiff in completing the work, he cannot set up partial performance as a defense.

2. DAMAGES—*Measure of—Real Property.*  The rule that the damage to real property cannot exceed the value of the land taken, must have reference to some entire tract, and not merely to the ground at the exact place of injury.

3. *Measure of—Real Property.*  The measure of damages to real property is not invariable.  The rule to be applied should be such as to enable the jury to determine as near as may be, the actual loss suffered.

4. TRESPASS—*Damages.*  In an action for damages caused by dumping asphalt on land, it is held it would not be improper to measure the damage by the cost of removing the asphalt.

5. APPEAL AND ERROR—*Substantial Error.*  On review, the Supreme Court will disregard any error which does not affect the substantial rights of the parties, and no judgment will be disturbed by reason of immaterial errors.

*Error to the County Court of the City and County of
Denver, Hon. George W. Dunn, Judge.*

Mr. E. H. WHITNEY, for plaintiff in error.

Mr. FOSTER CLINE, Mr. EUGENE HIGGINS, for defendant
in error.

MR. JUSTICE ALLEN delivered the opinion of the court.

THIS is an action which was instituted in a justice court.
On appeal to the county court, a trial resulted in a verdict
and judgment for plaintiff. The defendant has sued out
this writ of error. Both sides request that the case be final-
ly disposed of here on the application for a supersedeas.

The plaintiff's evidence  discloses sixteen claims against
defendant. The defendant introduced evidence in opposi-
tion thereto and also for the purpose of proving a counter-
claim against plaintiff. The defendant, The Colorado
Bridge and Construction Company, in the fall of 1922 was
engaged in the construction of a bridge on a highway upon
or adjoining the land of plaintiff. Defendant's agent in
charge of the work, L. W. Roller, employed the plaintiff to
perform certain services in connection with the bridge
work.

One of the claims of plaintiff against defendant is for the
sum of $75 for painting the bridge, and defendant opposes
the claim on the theory that there was but part perform-
ance. Some of the work was actually done by defendant's
other employees. If defendant voluntarily assisted the
plaintiff, it cannot set up partial performance as a defense.
Numerous questions are discussed in this connection, and
without overlooking them, we are of the opinion that the
evidence is sufficient to support a verdict for plaintiff as to
the above item or claim.

Another claim of plaintiff is for damages for trespass
upon plaintiff's land. The defendant's employees dumped
asphalt thereon. It is contended that plaintiff's damages
could not exceed seven cents, under the rule that the meas-
ure of damages cannot exceed the value of the land taken.

The asphalt covered about 36 square feet. The rule invoked by defendant must have reference to some entire tract, and not merely to the ground at the exact place of injury. 38 Cyc. 1126. The measure of damages for injury to real property is not invariable. 17 C. J. 880. The rule to be applied should be such as will enable the jury to determine, as near as may be, the actual loss suffered. *Big Five Mining Co. v. Left Hand Ditch Co.*, 73 Colo. 545, 216 Pac. 719. It would not have been improper, in this case under all the circumstances, to measure the damages by the cost of removing the asphalt. There was no such error or defect in the trial as to this item, which amounts to only $10, as to warrant a reversal or a modification of the judgment.

The principal contention of plaintiff in error is that the court erred in allowing the jury to find against the defendant on its counterclaim against plaintiff. There is evidence that defendant agreed to give plaintiff the lumber in the old bridge in consideration of having a contour road on plaintiff's land while a new bridge was being constructed. The defendant prevented plaintiff from getting more than a third of the old lumber. Plaintiff then took a certain amount of form lumber which had been used in the construction of the new bridge. The counterclaim is for this form lumber. There is evidence that defendant's employees authorized plaintiff to substitute the form lumber for the old lumber. Here again, the briefs are voluminous with a discussion of various questions, but we find nothing in them to preclude us from affirming the judgment under section 439 of the Code of 1921, providing that the supreme court "shall disregard any error or defect in the proceedings which shall not affect the substantial rights of the parties," and that "no judgment shall be reversed or affected by reason of such error or defect."

The application for a supersedeas is denied and the judgment affirmed.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE BURKE concur.