### No. 10,681.

BEAVER WATER AND IRRIGATION CO. v. EMERSON.

Decided May 5, 1924.  Rehearing denied July 7, 1924.

Action for damages caused by breaking of reservoir banks. Judgment for plaintiff.

### *Affirmed.*

1. IRRIGATION—*Breaking Reservoirs—Damages.* Section 1684, C. L. '21, providing that owners of reservoirs shall be liable for damages from leakage, overflow or breaking of banks, is imperative, and such owners are liable for damages as therein stated whether negligent or not. Breaking of banks caused by the negligence of third persons affords no exemption from liability.

*Error to the District Court of Fremont County, Hon. James L. Cooper, Judge.*

Mr. C. C. HAMLIN, Mr. E. H. STINEMEYER, Mr. H. J. McCOY, for plaintiff in error.

Mr. JOHN H. VOORHEES, Mr. GEORGE H. WILKES, Mr. J. W. FOSTER, Mr. T. LEE WITCHER, for defendant in error.

*En banc.*

MR. JUSTICE DENISON delivered the opinion of the court.

EMERSON brought suit against the company, plaintiff in error, for damages caused to his land by the breaking of the defendant's reservoir. He had a verdict and judgment and the company brings error.

No negligence on the part of the defendant was proved at the trial. There was a claim that a reservoir above that of the defendant, owned by third parties, by the negligence of its owners burst and caused a flood that broke the dam of the defendant and thus caused the injury. The instructions ignored the lack of negligence in defendant and the claim of negligence in the upper owners.

The question before us is whether the statute (C. L. § 1684), places an absolute liability upon reservoir owners.

It is as follows: "The owners of the reservoirs shall be liable for all damages arising from leakage or overflow of the waters therefrom or by floods caused by breaking of the embankments of such reservoirs."

This court has held that the statute is imperative (*Garnet Ditch and Reservoir Co. v. Sampson,* 48 Colo. 285, 110 Pac. 79, 1136), and we think that that construction of the statute is right, and that the reservoir owner is liable for damages caused as therein stated whether he is negligent or not and whether the breaking of his dam was caused by the negligence of a third person or not. If the statute does not make him so liable what does it do?  Everybody is liable for his own negligence anyhow. If, then, we say it makes him liable only for his negligence we make it vain. If we make an exception of the case of the tortious act of a third person we import that into the statute. The questions of act of God or the public enemy are not before us. The

argument of the plaintiff in error with its extensive his- torical research and authorities would be powerful indeed before the legislature, but, having determined the meaning of the statute to the best of our ability, we must then en- force it as it reads. It is argued that the statute with refer- ence to ditches may with equal justice be said to declare an absolute liability and that we have held that ditch owners are liable only for negligence. We do not think the stat- utes as to ditches and reservoirs are wholly similar, but if they were there is as much reason to say that the law of ditches ought to conform to the law of reservoirs as vice versa. In addition it might be said that ditches, in case of a break, are much less dangerous than reservoirs to life and property.

The judgment is affirmed.

MR. JUSTICE CAMPBELL not participating.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE SHEAFOR dissent.