## No. 11,226.

### FORT *v.* BRIGHTON DITCH COMPANY.

Decided April 19, 1926.    Rehearing denied June 1, 1926.

Action for damages occasioned by the breaking of a reservior dam. Judgment for plaintiff.

### *Affirmed.*

1. APPEAL AND ERROR—*Abstract Questions.* Abstract questions, not involved in the case, will not be determined on review.

2. DAMAGES—*Proximate Cause—Instructions.* Ordinarily, in an action for damages, a defendant is entitled, on request, to a proper instruction on proximate cause; but when the proximate cause is indisputably disclosed by witnesses for both parties, the question becomes one of law for the court.

3. INSTRUCTIONS—*Requests.* Requests for instructions based in part upon facts of which there is no evidence, are properly refused.

4. DAMAGES—*Pleading and Proof.* In an action for damages caused by the breaking of a reservoir dam, the contention of the defendant that there was no sufficient plea or proof of damages, overruled.

5.    *Measure.* There are instances, as in the case of damages to a ditch caused by the breaking of a reservoir dam, when the cost of restoration of the property to its original condition is the proper measure of damages.

6.    *Measure.* In determining damages the rule to be applied should be such as will enable the jury to determine, as near as may be, the actual loss suffered.

*Error to the District Court of Adams County, Hon. S. W. Johnson, Judge.*

Messrs. ALLEN, WEBSTER & DRATH, for plaintiff in error.

Mr. HARRY S. CLASS, for defendant in error.

*Department One.*

MR. JUSTICE ADAMS delivered the opinion of the court.

BRIGHTON Ditch Company sued Fort for damages to its irrigating ditch, caused by the breakage of a dam in defendant's reservoir, and recovered judgment. Defendant brings error. We shall designate the parties as in the trial court.

Plaintiff owns a ditch taking water from the South Platte river. Todd creek crosses the ditch about seven-tenths of a mile below plaintiff's headgate. Defendant's reservoir is on Todd creek, about 1,000 feet above the intersection of the creek with the ditch.

After a period of heavy rains, the dam of the reservoir broke, the water burst out, carrying part of the dam, with earth, rocks and debris with great force down the creek, upon and across plaintiff's ditch, breaking its banks, filling it up and rendering it unfit for use. Plaintiff had it cleaned out, repaired and restored and obtained judgment for the expense thereof.

1. Defendant claims the benefit of our decision in *Ryan Gulch Reservoir Co. v. Swartz,* 77 Colo. 60, 234 Pac. 1059, that an act of God is a good defense. Plaintiff

replies to this that act of God as a defense must be specially pleaded; defendant says not; neither cite authority, although there is precedent both ways, citations to which are not here required. Defendant further contends that although the defense was not specially pleaded, the failure to plead was cured by evidence thereof without objection. But we cannot agree that such act was so proven, within the meaning of the term, hence there was no cure, and the necessity for a special plea becomes an abstract question, unnecessary to our decision. In the Ryan Gulch case, act of God was pleaded and proven, but in this matter, without either plea or adequate proof, and no instruction asked thereon, the question is obviously not in the case.

2. Defendant asked the court to instruct the jury that plaintiff must prove that the damage was the proximate result and direct consequence of the construction, maintenance or operation of the reservoir, and that defendant would not be liable if the damage to plaintiff's ditch was the result of some other and independent cause, without which the injury complained of would not have resulted. The instruction was refused and plaintiff assigns error.

We could not well reverse the case for failure to give the above instruction, without discrediting witnesses for both plaintiff and defendant, some of whom were present when the catastrophe occurred, saw it with their own eyes, and testified to the fact. From this and other evidence, there is no question that the breaking of the dam in defendant's reservoir, the consequent sudden rush of a large volume of released water, tearing down the creek, was the direct and proximate cause of the damage to plaintiff's ditch below the reservoir dam. It is only a short distance between the reservoir and ditch, and it took only from one to three hours after the break in the dam to complete the disaster to the ditch.

It is true that ordinarily a defendant is entitled to have granted a request for a proper instruction on the question of proximate cause, and the province of the jury should not be invaded except in the clearest of cases, but when the proximate cause is indisputably disclosed, as here, by witnesses for both parties, the question becomes one of law for the court. *Rocky Mountain Fuel Co. v. Tucker*, 72 Colo. 308, 211 Pac. 383. Furthermore, the absence of evidence of "some other and independent cause," referred to in the instruction requested and refused, made that part of the proposed instructions inapplicable.

The refusal to give the instruction requested was not error.

3. Defendant further claims that 'there was not a sufficient plea or proof of damages, but to this we cannot agree. The complaint as amended was very explicit, showing that by reason of the acts complained of, the ditch was rendered entirely unfit and useless for the purpose of carrying water for irrigation; that it was necessary to clean out the canal and repair the damages so caused, and to place the canal in as good condition as before the commission of the acts complained of; that the amount necessarily expended was $729.70, giving the items; that in addition thereto, it would cost $1,000.00 more to place it in as good condition as before. The amount recovered was $892.20 and costs. We think the pleading and proof were both sufficient to sustain the judgment as to such damage to plaintiff's ditch, at and below the point of intersection of Todd creek with the ditch, where the injury to the ditch occurred. The judgment was for less than the amount shown by the pleading and proof.

There are instances, like this case, when the cost of restoration of the property to its original condition is the proper measure of damages. 17 C. J. page 882; *Big Five Mining Co. v. Left Hand Ditch Co.*, 73 Colo.

545, 216 Pac. 719. The rule to be applied should be such as will enable the jury to determine, as near as may be, the actual loss suffered. *Big Five Mining Co. v. Left Hand Ditch Co., supra; Colorado Bridge and Construction Co. v. Preuit,* 75 Colo. 107, 224 Pac. 222.

The case before us is in many respects like *Beaver Water & Irrigation Co. v. Emerson,* 75 Colo. 513, 227 Pac. 547, and our conclusion here is the same as there. We find no reversible error in the record. The judgment is affirmed.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE BURKE concur.