## No. 15,269.

SAN LUIS VALLEY LAND AND CATTLE COMPANY *v.* HAZARD ET AL.
(157 P. [2d] 144)

Decided March 19, 1945.

Mr. GEORGE M. CORLETT, Mr. CHARLES R. CORLETT, for plaintiff in error.

Mr. ROBERT R. TARBELL, Mr. W. WAYNE TARBELL, for defendants in error.

*En Banc.*

MR. JUSTICE STONE delivered the opinion of the court.

PLAINTIFF in error, plaintiff below, alleged ownership of a decreed irrigation right through its ditch, Baca Grant No. 4, Irrigating Ditch No. 14, from San Isabel creek and interference with the flow of such water by defendant junior appropriators preventing its use thereof, and asked that the defendants be enjoined from such interference and the water commissioner ordered to supply the prior right of plaintiff from San Isabel creek before permitting the diversion to any others. In addition to denials the defendants set up abandonment of plaintiff's ditch and water right and asked for judgment declaring such abandonment and enjoining the plaintiff from claiming or diverting water by virtue of its decree.

The court below denied plaintiff an injunction, declared abandonment of its decreed priority and enjoined it from demanding any water to supply it.

It is apparent, as plaintiff's counsel asserts, that the administration of water distribution has been very informal. Plaintiff's ditch was constructed in 1883, but priority was awarded dating from 1870 because of claim and testimony to prior use of "natural overflow" and the use of the ditch was testified to as being resorted to

only when there was no overflow. Subsequently the ditch was not used and its very location forgotten until the decayed headgate and filled-in ditch were pointed out to plaintiff's manager shortly before trial of this proceeding. Diversion by all parties is not restricted to headgates, but is made wherever most convenient for use of the water. Accordingly, the abandonment of the ditch would not necessarily involve abandonment of the water right. *Nichols v. McIntosh,* 19 Colo. 22, 34 Pac. 278.

The decree to plaintiff's ditch locates the headgate on the *South branch* of San Isabel creek, a tributary of San Luis creek, and adjudicates its right to water to be allowed to flow in said ditch from "said creek." In the statement of claim the headgate is located "on the south bank of the South branch of San Isabel Creek," and it is said to draw its supply from "said *South branch* of San Isabel Creek," and a natural overflow is claimed therefrom. The decrees of priority to defendants' ditches refer to them as located on San Isabel Creek, and their claims so recite location and source of water. The evidence shows that the upper part of San Isabel creek is a torrential mountain stream which, upon reaching the valley, spreads out in a fan shape over the valley floor and continues thence in numerous and changing channels; that one of these channels, formerly known as the South branch, was blocked, either by natural filling with debris or otherwise, many years ago and there has since been only seepage water therein. The testimony introduced from the original adjudication, held in 1890, was to the effect that the South branch ran little if any water in dry seasons and that there was some water that came down from overflow through a gulch during high water seasons; that it is a natural water course, but not a running stream, and that this South branch had been dammed up in 1884 by another claimant of the water and all the water turned into the North branch. At the trial of this proceeding there was testi-

mony of several witnesses who had been familiar with it for many years to the effect that water from San Isabel creek had not run in the old South branch channel or been used on plaintiff's lands under the ditch within their knowledge, and that the water used to irrigate plaintiff's land was occasional flood water from nearby gulches, seepage water accumulating in the South branch and waste water from the lands of defendants lying above it.

As urged by counsel, plaintiff's decree was res judicata as to the matters litigated; however, a decreed priority may be lost by abandonment, and the court below found that any waters received by virtue of plaintiff's decree came from seepage water arising along said so-called South branch of San Isabel creek and that the right to demand and receive any water through plaintiff's ditch under its decreed priority had been abandoned. The trial judge, having both heard the testimony and viewed the premises, was better able to understand and apply the evidence than are we on review. *Medano Ditch Co. v. Adams*, 29 Colo. 317, 68 Pac. 431.

It would appear that plaintiff's appropriation in 1870, prior to time the water was dammed off from the South branch, was an appropriation of direct flow water in that branch. We need not determine the extent of original right thereunder as to waters flowing in other channels of the creek than the South branch, or diverted to them, because whatever right was so acquired was lost by subsequent abandonment.

There is one respect wherein we believe the decree entered herein should be limited. The issues of the case involved only waters flowing in San Isabel creek. Abandonment as evidenced and found here should refer only to direct flow water in the channel or channels of said creek, and the decree herein should not be considered as being an adjudication as to any right of plaintiff

under its decree to any other water. As so restricted, the judgment below is affirmed.

MR. JUSTICE HILLIARD not having heard the oral argument does not participate.