No. 22899.

Sam Bobrick, Individually and doing business as Bobrick Construction Co., and Bobrick Enterprises, Inc. *v.* Dan Taylor and Jorene Taylor
(467 P.2d 822)

Decided April 6, 1970.

Jerry N. Snyder, for plaintiffs in error.

Peter J. Little, for defendants in error.

*In Department.*

Opinion by Mr. Justice Groves.

This was an action for damages and other relief resulting from an alleged trespass by the defendants (plaintiffs in error here) upon the residential property of the plaintiffs (defendants in error). The case was tried to the

court, which entered judgment against both defendants for $875, with interest and costs. We affirm.

According to the allegations of the complaint the plaintiffs purchased their property from the defendant corporation (Bobrick Enterprises, Inc.). The conveyance to the plaintiffs was not offered in evidence and we are unable to find in the record the name of the grantor; but inference from the testimony support this allegation of the complaint. According to Mr. Bobrick's testimony, there was a contract (apparently with the defendant corporation as vendor and contractor) dated April 30 (no year given) under which the plaintiffs were to purchase the land, upon which the contractor was to construct a residence. The deed conveying the property to the plaintiffs was dated September 18, 1965, and the plaintiffs moved into the new residence on September 20, 1965. A week or ten days later those portions of the property which were not occupied by the residence were graded by the defendant corporation. According to Mr. Bobrick, the contract of April 30th provided for a "fenced in" back yard. This fence was not constructed until the last few days of 1965.

The natural surface of plaintiffs' land and that adjacent on the south sloped downward toward the south. Following the construction of the plaintiffs' dwelling, the defendant corporation constructed a residence on the lot immediately south of the plaintiffs' lot. The ground level of the residence to the south was about three feet lower than the ground level of the plaintiffs' dwelling. Two days before the fence was constructed, and while the plaintiffs were not at home, a contractor acting for the defendant corporation moved earth from the south portion of plaintiffs' lot and the north portion of the adjoining lot. In this operation, the land at the north end of the lower lot was graded down so that water thereon would flow to the north. The purpose was to have the bottom of a "V" at the common property line into which

water would drain from each property and then flow along the common line to the street. The operation on the north part of the adjoining property would have caused a perpendicular wall of earth to be situated on the plaintiffs' side of the common line. Consequently, the contractor removed earth from the south portion of plaintiffs' property in order to create a slope instead of the "drop off." The plaintiffs contend that this slope was steep, while the defendants assert that it was gentle. Surface water caused some erosion on the slope.

The defense was substantially as follows: The fence could not be constructed until the property was "fine graded." The property had not been fine graded until two days prior to construction of the fence. The plaintiffs understood that the fine grading would precede the construction of the fence and, therefore, no trespass took place with reference to the grading. The plaintiffs were not damaged by the grading, which was performed according to proper plans, and, if they had planted grass on the slope, no erosion would have taken place.

■ The fact that we might have found the testimony of the defendants more convincing is immaterial. The primary question before us is whether there was sufficient competent evidence to support the judgment. *Kearney Inv. Corp. v. Capitol F. S. & L. Assn. of Denver,* 169 Colo. 30, 452 P.2d 1010. There was sufficient evidence.

The evidence presented by the plaintiffs was that the fine grading was done shortly after the time they moved into their dwelling; that they did not know that there would be any more grading; that no one sought or obtained permission to perform further grading; and that the grading at the end of the year was not only damaging but unnecessary. This was sufficient to support a finding of trespass.

■ The plaintiff husband and a contractor called by plaintiffs testified that, if the earth removed from the plaintiffs' property were replaced, it would wash away unless a retaining wall were constructed along the prop-

erty line. The contractor made an estimate of $875.88 as the cost of constructing a retaining wall and replacement of soil. The defendants contend that it was error to admit evidence of a retaining wall as there was no mention of it in the complaint. The complaint prayed for restoration of the premises, relocation of a fence, and for damages for unlawful trespass in the amount of $2,500. The court awarded only damages and, under the testimony of the plaintiff husband and the contractor, the retaining wall was necessary to restore the premises to their original condition. The cost of the retaining wall was therefore a proper item of damage.

■ The defendants claim that the proper measure of damages would be the difference in market value of the land before and after the alleged trespass, citing *Frankfort Oil Company v. Abrams,* 159 Colo. 535, 413 P.2d 190, and *Lentz v. Carnegie Bros.,* 145 Pa. 612, 23 A. 219. The contractor who gave the estimate included an item of $220 to "deliver and pour fill behind retaining wall." There was no testimony as to the value of the land at any time. The only other testimony concerning the amount of damage was a statement by a contractor called by the defendants that it would cost $100 to $120 to replace the earth on plaintiffs' property. Under the state of the record, *Colorado Bridge & Construction Co. v. Preuit,* 75 Colo. 107, 224 P. 222 is more in point than the cases cited by defendants. The judgment is not inconsistent with the rulings in these cases.

■ During the trial, the judge informed the parties in open court that he intended to view the property. No objection was made by either party. In the motion for new trial and here the defendants have contended that the court abused its discretion "by examining the property in question and substituting its opinion for that of expert witnesses." We can find nothing in the record — and nothing has been pointed out to us — to indicate that the inspection of the premises had an improper influence on the court. We must assume that the purpose of the

inspection was to better enable the court to apply and understand the testimony. *San Luis Valley Land & Cattle Co. v. Hazard,* 114 Colo. 233, 157 P.2d 144; *Medano Ditch Co. v. Adams,* 29 Colo. 317, 68 P. 431. This was proper and, we think, desirable.

It is urged that there is nothing in the record to support a judgment against the individual defendant. The plaintiffs rely on the testimony of Sam Bobrick that he directed the work to be performed. Neither side has favored us with any citation of authority except that the plaintiffs quote *Yakes v. Williams,* 129 Colo. 427, 270 P.2d 765 as saying that certain defendants "who neither directed nor countenanced any act of trespass . . . are not liable." Therefore, plaintiffs state that, conversely, one who directed an act is liable. We do not adopt the converse logic, but find that under the state of the record *Valley Co. v. Weeks,* 147 Colo. 591, 364 P.2d 730 and *Snowden v. Taggart,* 91 Colo. 525, 17 P.2d 305, support the judgment against the individual defendant.

We consider other assignments of error as being without merit.

Judgment affirmed.

MR. JUSTICE DAY, MR. JUSTICE HODGES and MR. JUSTICE KELLEY concur.