Dwight ZWICK, d/b/a 3150 West Louisiana Partnership, d/b/a the Louisiana Purchase, Plaintiff-Appellee,

v.

N. E. SIMPSON, d/b/a Simpson Construction Company and/or Simpson & Epperson Construction Company, et al., Defendants-Appellants.

No. 74–603.

Colorado Court of Appeals, Div. I.

March 18, 1976.

Rehearing Denied April 22, 1976.

Certiorari Granted June 21, 1976.

Donald L. Elmore, P. C., Lakewood, for plaintiff-appellee.

Neef, Swanson & Myer, Allan B. Adams, Denver, for defendants-appellants.

BERMAN, Judge.

Defendants appeal from the trial court's judgment in favor of plaintiff for damages incurred as a result of the negligence of defendants in their construction of an apartment building adjacent to plaintiff's apartment building. After a trial to the court, plaintiff was awarded damages of $1,500 for a tree removed by defendants from plaintiff's property, and $11,062 for a water drainage problem caused by defendants' construction.

Defendants contend that the trial court improperly applied the law concerning damages. We agree.

The trial court's damage awards were based on a cost estimate of $11,062 to repair the drainage problem and prevent structural damage, and an estimate of

$1,500 as the reasonable replacement value of the tree removed by defendants.

As a general rule, the measure of damages to real property is the difference between the fair market value of the property before and after the injury. *Dandrea v. Board of County Commissioners*, 144 Colo. 343, 356 P.2d 893; *Frankfort Oil Co. v. Abrams*, 159 Colo. 535, 413 P.2d 190; *Mogote-Northeastern Consolidated Ditch Co. v. Gallegos*, 70 Colo. 550, 203 P. 668; *Mustang Reservoir, Canal & Land Co. v. Hissman*, 49 Colo. 308, 112 P. 800. This measure also applies to injuries to growing trees. *Denver v. Hinsey*, 177 Colo. 178, 493 P.2d 348; *Cities Service Gas Co. v. Christian*, 340 P.2d 929 (Okl.).

However, relying on *Fort v. Brighton Ditch Co.*, 79 Colo. 462, 246 P. 786; *Colorado Bridge & Construction Co. v. Preuit*, 75 Colo. 107, 224 P. 222; and *Big Five Mining Co. v. Left Hand Ditch Co.*, 73 Colo. 545, 216 P. 719, plaintiff argues that replacement and repair costs may also be an appropriate *measure* of damages for injury to real property.

From our examination of these cases and also *Bobrick v. Taylor*, 171 Colo. 375, 467 P.2d 822, we conclude that a deviation from the well-established general rule of diminution in market value is permitted only where the circumstances indicate that repair or restoration costs more accurately reflect the actual loss suffered, compensation for which is, of course, the goal under either rule. Here, however, the general rule would more accurately reflect the actual loss suffered by the plaintiff.

This is not a case where the property had no market value. *Cf. Big Five Mining Co. v. Left Hand Ditch Co., supra.* In fact, when plaintiff testified he sold the property for $361,000, he established market value after the injury. He did not attempt, however, even when questioned on the matter, to show that the preinjury value was difficult to ascertain, nor did he claim that the injury he suffered caused him to accept less for his property, or that if the injury had not occurred he could

have sold his property at a higher price. Having failed to demonstrate any of these contentions he showed no justification for a deviation from the general rule of diminution in value. *See Dandrea v. Board of County Commissioners, supra.*

Plaintiff sold the property and building during the course of the litigation. Plaintiff, in his brief in this court, asserts that his grantee "took the property subject to its defects and subject to its potential difficulties occasioned by defendants' negligent and trespassory acts." Thus it is apparent that plaintiff, who seeks to measure his damages by restoration costs, will never make those restorations. His actual loss, if any, came about only by way of a diminution in the price at which he sold the property. The facts here are therefore readily distinguished from those in *Bobrick v. Taylor, supra,* where repair costs more accurately reflected plaintiffs' actual loss because the injured property was a recently acquired private residence and the plaintiffs' interest thus was in having the property restored.

Accordingly, we conclude that although "the measure of damages for injury to real property is not invariable," *Colorado Bridge & Construction Co. v. Preuit, supra,* in the instant case the difference in fair market value is the proper measure of damages.

■ Furthermore, although estimates of repair and replacement cost may be admissible to aid in utilizing the diminution of market value measure of damages, such estimates must be related to market value and are "received only as they would have a bearing on and influence opinion as to value." *Dandrea v. Board of County Commissioners, supra; Hinsey, supra.* Here, plaintiff testified that he "believed" the market price of the building to be adversely affected by the lack of trees and the drainage problem, but he also thought that "the buyer would have to comment on that." Although he also testified that he sold the building because he "needed the money", he did not say what effect, if any, this factor had on the sale price. We find

these statements too indefinite and equivocal to be evidence of the market value before and after the injury to which the estimates of repair and replacement could be related. Thus, there was no basis for the trial court's damage award. Plaintiff has the burden of proving not only the *fact* of damage, but also a basis for computing the *amount* as well; failure to prove both properly results in a dismissal. *Hoover v. Shott,* 68 Colo. 385, 189 P. 848.

■ In light of our disposition of this allegation of error, we need not discuss the other contentions of the defendants. Plaintiff did not file a motion for a new trial, and therefore his contention, on cross-appeal, that the court erred in its finding that *only* one tree was removed need not be considered. C.R.C.P. 59(f); *Watson v. Watson,* 135 Colo. 296, 310 P.2d 554; *cf. Delta v. Thompson,* Colo.App., 548 P.2d 1292 (1975).

The judgment is reversed and the cause is remanded with directions to dismiss the complaint.

ENOCH, J., concurs.

COYTE, J., dissents.

COYTE, Judge (dissenting).

The majority reverses this judgment on the grounds that the only method available to plaintiff to determine the appropriate damages to his real property and the damage for the destruction of a growing tree is to determine the difference between the fair market value of the property before and after the injury. However, the case law supports an alternate measure of damages in fact situations similar to this one. In *Fort v. Brighton Ditch Co.,* 79 Colo. 462, 246 P. 786, wherein the ditch company sued on account of injury to its irrigation ditch, the court determined:

"There are instances, like this case, when the cost of restoration of the property to its original condition is the proper measure of damages."

Here, defendants in constructing the apartment house, changed the grade of their land causing drainage water to flow

onto plaintiff's property in such a manner as to require the regrading of plaintiff's land and the construction of an entirely new drainage system to remove the water and to protect the structural base of improvements existing on the property. The court found, based on competent evidence, that the reasonable cost of repair was $11,062. There is no question that plaintiff suffered damages to his property. Upon expenditure of the restoration costs, plaintiff's property would be returned to its original condition prior to the injury. As in *Brighton Ditch Co., supra*, the proper measure of damages in the instant case is the cost of restoration.

The measure of damages for injury to real property is not invariable. As stated in *Colorado Bridge & Construction Co. v. Preuit*, 75 Colo. 107, 224 P. 222: "The rule to be applied should be such as will enable the jury to determine, as near as may be, the actual loss." For an application of this rule, *see Bobrick v. Taylor*, 171 Colo. 375, 467 P.2d 822, in which the proper measure of damages for trespass involving removal of earth from a section of plaintiff's property was held to be the cost of constructing a retaining wall and replacement of soil.

In my view, the difference in market value as the measure of damages for injury to real estate is restricted primarily to condemnation proceedings. The cost of restoration is more appropriate as a measure of damages where an individual has suffered damage to his real estate through the actions of another. Only by applying this alternative rule may a property owner be assured of a viable remedy to a trespass. For example, if an out-of-control automobile were to damage one's lawn, shrubbery, and home, the proper measure of damages should be the cost of repairing the damage. In such an instance the property owner should not be deprived of damages merely because he failed to present evidence of market value of the property, both before and after the accident, even though he did present evidence of the cost of repair. Furthermore, the trespasser should not escape responsibility for his

trespass merely because the homeowner is fortunate enough to sell the damaged property during the pendency of the litigation.

Since the loss incurred by plaintiff here may properly be measured by the cost of replacing the tree and the cost of constructing the new drainage system, and since there is competent evidence in the record to support the court's finding as to what such reasonable costs would be, I would affirm the judgment.

There is no question but that plaintiff's property was damaged and even though he sold the property subject to the damage, he should be entitled to recover for this damage. Therefore, if the judgment is not affirmed, surely this case should be remanded for a new trial on the issue of damages. It was tried on the issue of cost of restoration and judgment was granted on this basis. If the court now holds that the wrong theory for the recovery of damages was advanced, plaintiff should be allowed to try the case on the measure of damages as directed by this court. *See American Factors Associates, Ltd. v. Triangle Heating & Sheet Metal Co.*, 31 Colo.App. 240, 503 P.2d 163.