No. C-979

**Dwight Zwick, d/b/a 3150 West Louisiana Partnership, d/b/a The Louisiana Purchase v. N. E. Simpson, d/b/a Simpson Construction Company and/or Simpson & Epperson Construction Company, Glen B. Clark, Jr., and Larry Carnahan, d/b/a Louisiana St. Ltd.**

(572 P.2d 133)

Decided April 4, 1977. Opinion modified and as modified rehearing denied December 5, 1977.

Donald L. Elmore, for petitioner.

Neef, Swanson and Myer, Allan B. Adams, for respondents.

*En Banc.*

MR. CHIEF JUSTICE PRINGLE delivered the opinion of the Court.

The plaintiff Zwick sought damages for injuries to his real property caused by the defendants' trespass. Zwick alleged that during the course of a construction project on an adjacent parcel of land, the defendants had uprooted trees and changed the drainage pattern of surface water.

The district court found that the defendants wrongfully destroyed one tree having a replacement cost of $1500. The court also found that the cost of repairing the drainage problem would be $11,062. Accordingly, Zwick was awarded $12,562 in damages. During the proceedings before the district court, Zwick sold the property in question. As a result, the defendants insisted during the trial that the proper measure of damages was diminution in the market value of the property as a result of the defendants' actions rather than the cost of restoration and repairs.

Upon appeal, the court of appeals in *Zwick v. Simpson*, 37 Colo. App. 430, 551 P.2d 216 (1976), agreed with the defendants' position as to the measure of damages to be applied and reversed the trial court, ordering that a judgment of dismissal be entered. We agree with the court of appeals that under the circumstances of this case, the trial court applied an incorrect measure of damages. We direct that the matter be remanded for a new trial on the issue of damages in accordance with the views expressed here.

I.

As the court of appeals noted, market value before and after the injury is ordinarily a rule applied to measure damages to real property. *Denver v. Hinsey*, 177 Colo. 178, 493 P.2d 348 (1972); *Frankfort Oil Co. v. Abrams*, 159 Colo. 535, 413 P.2d 190 (1966); *Mogote-Northeastern Consolidated Ditch Co. v. Gallegos*, 70 Colo. 550, 203 P. 668 (1922); *Hoover v. Shott*, 68 Colo. 385, 189 P. 848 (1920).

Since the goal of the law of compensatory damages is reimbursement of the plaintiff for the actual loss suffered, there may, of course, be instances in which repair or restoration cost may be a more appropriate measure such as (1) where the property has *no* market value, as in *Big Five Mining Co. v. Left Hand Ditch Co.*, 73 Colo. 545, 216 P. 719 (1923); or (2) where repairs have already been made, as in *Fort v. Brighton Ditch Co.*, 79 Colo. 462, 246 P. 786 (1926); *Big Five Mining Co. v. Left Hand Ditch Co., supra*; or (3) where the property is a recently acquired private residence and the plaintiff's interest is in having the property restored, repair costs will more effectively return him to the position he was in prior to the injury, as in *Bobrick v. Taylor*, 171 Colo. 375, 467 P.2d 822 (1970).

Here, however, the plaintiff sold the property before the trial and it was apparent (1) that it had a market value and (2) that the plaintiff would not repair or replace the damaged parts of the realty. His actual loss, therefore, was and could only be the amount by which the market value of his property had diminished as a result of defendants' actions. *See*

*General Outdoor Advertising Co. v. La Salle Realty Corp.*, 141 Ind. App. 247, 218 N.E.2d 141 (1966); *D. Dobbs, Remedies* § 5.1 at p. 317 (1973). Despite the defendants' objections, the trial court awarded restoration and replacement damages and made no attempt to determine the diminution in market value.

While ordinarily when one fails to prove a basis for computing the amount of damages, the result should be dismissal, *Hoover v. Shott, supra*, it would be inequitable to foreclose the possibility of recovery because the plaintiff failed to present evidence on a theory of damages which the trial court felt was inapplicable. *See American Factors Associates, Ltd. v. Triangle Heating & Sheet Metal Co.*, 31 Colo. App. 240, 503 P.2d 163 (1972). The plaintiff should be given the opportunity to present evidence of diminution of market value since he had no occasion to do so at trial.

II.

Defendants contend here as they did in the court of appeals that the trial court erred in finding any liability in this case and that it made no findings of fact to support its conclusions. While the court of appeals did not reach these issues, our review of the record convinces us that there was ample evidence from which the trial court could conclude that the defendants were responsible for changing the drainage pattern on plaintiff's land. While the trial court's findings of fact on this matter are not elaborate, we find that they did sufficiently state the reasons upon which the judgment is based.

We find no error in the trial court's application of the law of this state which grants an easement to the owner of a dominant estate for drainage of surface water across a servient estate. *City of Boulder v. Boulder White Rock Ditch and Reservoir Co.*, 73 Colo. 426, 216 P. 553 (1923).

Judgment affirmed in part, reversed in part and cause remanded for a new trial on the issue of damages only.

MR. JUSTICE ERICKSON does not participate.