Ross EVANS, Plaintiff-Appellee and Cross-Appellant,

v.

COLORADO UTE ELECTRIC ASSOCIATION, INC., a Colorado corporation, and Commonwealth Electric Company, Defendants-Appellants and Cross-Appellees.

No. 81CA0145.

Colorado Court of Appeals, Div. I.

May 6, 1982.

As Modified on Denial of Rehearing May 27, 1982.

Certiorari Denied Oct. 12, 1982.

Kent L. Yarbrough, Craig, for plaintiff-appellee and cross-appellant.

R. Gregory Haller, Montrose, and James M. Pughe, Craig, for Colorado Ute Elec. Ass'n, defendant-appellant and cross-appellee.

Kourlis & Thornberry, Thomas C. Thornberry, Craig, for Commonwealth Elec. Co., defendant-appellant and cross-appellee.

COYTE, Judge.

Defendants appeal from a judgment entered against them for damages for trespass on plaintiff's property while constructing a power line across plaintiff's property on an easement granted to Colorado Ute Electric Association. We affirm.

Defendant, Colorado Ute Electric Association, Inc. (Colorado Ute) acquired a 162.5 foot wide easement across a portion of plaintiff's land to construct a transmission line. The easement provided that the rights of ingress and egress to the right of way "shall be limited to the presently existing roads or other necessary access roads to be mutually agreed upon by grantor and grantee."

Colorado Ute had previously entered into a contract with defendant, Commonwealth Electric Company (Commonwealth) as general contractor to construct the line. Plaintiff contended in this action that Commonwealth did not confine its access to the easement agreed upon for ingress and egress to the easement and damaged plaintiff's land, growing crops, a fence, and a culvert and that in inflicting such damage, it acted with wilful and wanton disregard for plaintiff's rights and feelings. The trial court entered a judgment against both defendants for $4,342.50 actual damages and $5,000 exemplary damages.

■ Defendants first argue that this is an action for breach of contract and that the trial court erred in labeling the action one for damages for trespass and in awarding exemplary damages. We disagree.

The trial court ruled that:

"Commonwealth's action of proceeding further onto Plaintiff's property without sufficient evidence that a pre-existing road existed constituted both negligence and trespass by Commonwealth.

and that:

"This action for damages is not one based on contract but is based on trespass and tort."

■ Where an easement is granted, as it was in this case, the grantee becomes a trespasser when it or its employees go onto plaintiff's land outside of the authorized area and do damage. *Rio Costilla Cooperative Livestock Ass'n v. W.S. Ranch Co.*, 81 N.M. 353, 467 P.2d 19 (1970); *see Upper Eagle Valley Sanitation District v. Carnie*, Colo.App., 634 P.2d 1008 (1981). Since the parties did not enter into any contract concerning plaintiff's land outside the easement area, this trespass does not constitute a breach of contract.

■ The defendants next contend that the compensatory damages awarded by the court are excessive as a matter of law. We disagree.

In *Bobrick v. Taylor*, 171 Colo. 375, 467 P.2d 822 (1970), the court considered the question of the measure of damages in a trespass case. In that case, there was a

trespass on the plaintiff's lot where a bulldozer was used to change the slope of the land. The court held that the proper measure of damages was the cost of replacing the soil removed and the cost of constructing a retaining wall to hold it in place. This measure of damages is the proper measure in this case.

Here, there was evidence of the loss of crops, cost of restoring the fence and culvert that were damaged, and the cost of restoring the compacted soil. As there is competent evidence in the record to support the amount of damages, the finding of the trial court is binding on us on appeal. *Linley v. Hanson*, 173 Colo. 239, 477 P.2d 453 (1970).

■ Defendants also argue that exemplary damages should not have been awarded. We disagree. The evidence supports the findings of the trial court that since Commonwealth continued its trespassing and illegal use of plaintiff's land after being advised by plaintiff that they were trespassing and were not lawfully on his premises, this constituted a willful and wanton disregard of plaintiff's rights. Thus, under the facts of this case, exemplary damages were properly awarded. *See Mailloux v. Bradley,* Colo.App., 643 P.2d 797 (1982).

Since no motion for new trial was filed by plaintiff, we do not consider his cross-appeal.

Judgment affirmed.

VAN CISE and TURSI, JJ., concur.