**James F. GLADIN, Plaintiff-Appellant and Cross-Appellee,**

**and**

**Faye J. Gladin, Plaintiff,**

**v.**

**R. D. VON ENGELN, individually and as General Partner of Interstate Eighth Street Company, a limited partnership, Interstate Eighth Street Company, a limited partnership and the City of Colorado Springs, Defendants-Appellees and Cross-Appellants.**

**No. 81CA0308.**

Colorado Court of Appeals, Div. I.

June 3, 1982.

As Modified on Denial of Rehearings July 1, 1982.

Certiorari Denied Sept. 7, 1982.

---

See also 550 P.2d 352, 575 P.2d 418, 590 P.2d 76.

Cleveland, Wengler & Robbins, Edward D. Cleveland, Colorado Springs, for plaintiff-appellant and cross-appellee.

Bennett & Wills, Matthew B. Wills, Colorado Springs, for defendants-appellees and cross-appellants R. D. Von Engeln and Interstate Eighth Street Co.

Horn, Anderson & Johnson, Gregory L. Johnson, Colorado Springs, for defendant-appellee and cross-appellant City of Colorado Springs.

STERNBERG, Judge.

This is an appeal of an order of the district court denying plaintiff's motion for an award of damages. We affirm in part, reverse in part, and remand for further proceedings.

This case had its inception in 1973, when improved real property owned by Gladin and his then wife sustained damage by removal of lateral support of adjacent property. Gladin sued the defendants, owners of the adjoining land. Following a jury trial, judgment was entered against the defendants in the amount of $70,000, and an injunction was issued requiring the defendants to stabilize the Gladins' property. The defendants appealed, and, on February 11, 1975, a stay order was entered. It provided:

> "Such stay and suspension of the mandatory injunction shall be at the risk of the defendants; and if, *during the pendency of the appeal and suspension of the injunction,* the plaintiff should suffer further damage or liability to third persons ... the defendants shall be jointly and severally liable ...." (emphasis supplied)

Following the eventual resolution of two appeals by the Colorado Supreme Court, the result of which was to affirm the trial court

judgment, *Gladin v. Von Engeln*, 195 Colo. 88, 575 P.2d 418 (1978), and *City of Colorado Springs v. Gladin*, 198 Colo. 333, 599 P.2d 907 (1979), this court entered its mandate on October 2, 1979, in accordance with the Supreme Court's directive.

Six months after the mandate had issued, in April of 1980, two buildings on the property sustained additional damage because of subsidence related to the removal of lateral support. The property had been conveyed by the Gladins to third parties but that sale was rescinded in settlement of a suit claiming fraud and misrepresentation based on failure to disclose structural defects.

On August 14, 1980, Gladin filed a motion in the district court entitled "Motion for Injunctive Relief." In that motion he asked for funds necessary to do construction work to protect his property from sustaining additional damage from subsidence, or in the alternative for an order compelling the defendants to do that work. He further moved for damages to the property incurred by an incident occurring after the mandate had been issued on the last appeal. After this motion had been filed, the defendants did provide lateral support to plaintiff's property to prevent future subsidence. Hearing was held only on the portion of plaintiff's motion seeking damages.

■ The trial court found that the motion was proper, notwithstanding the fact that the damage in question did not occur "during the pendency of the appeal," but it denied any damages for failure of the plaintiff to present evidence of a diminution of market value of the property. Both sides appeal, Gladin because of the denial of damages, and the defendants, asserting that the court erred in hearing the motion.

With respect to defendants' claim that damages could not be awarded because the additional subsidence had occurred after expiration of the stay order, we are in agreement with the trial court's conclusion that:

"Regardless of when the actual damage occurred to Plaintiff's land and buildings, it can hardly be denied that but for the two year delay occasioned by the appeal when the stay order was in effect, the subsequent slope subsidence and damage would not have occurred. It is therefore of no consequence that the stay order had terminated prior to the occurrence of the subsequent damage."

■ Similar considerations lead us to conclude that the trial court erred in not awarding damages to the plaintiff. It is true that in the usual case involving damage to real property the basis for the award is diminution of market value. *Zwick v. Simpson*, 193 Colo. 36, 572 P.2d 133 (1977). But, as stated in *Colorado Bridge & Construction Co. v. Preuit*, 75 Colo. 107, 224 P. 222 (1924): "The measure of damages for injury to real property is not invariable. The rule to be applied should be such as will enable a jury to determine, as near as may be, the actual loss suffered."

To deny plaintiff damages in this case because of a failure to prove diminution of market value would be a denial of substantial justice. *See Big Five Mining Co. v. Left Hand Ditch Co.*, 73 Colo. 545, 216 P. 719 (1923). While the instant case is not technically one of trespass, nevertheless, since the damage at issue would not have occurred had not the defendants delayed in providing lateral support as ordered by the trial court, we conclude that the proper rule of damages in this case is that applicable in a trespass case. *Preuit, supra.* As in *Preuit*, the plaintiff here should not be limited to measuring his damages based on the diminution in market value; rather, cost to repair and damages for loss of use are an appropriate alternate rule to enable plaintiff to be compensated for his actual loss. *Cf. Zwick v. Simpson, supra.*

The judgment is affirmed in part and reversed in part, and the cause is remanded for a new trial on the damage issue alone.

COYTE and VAN CISE, JJ., concur.