**PUBLIC SERVICE COMPANY OF COLORADO, a Colorado corporation, Objector Appellant,**

v.

**BLUE RIVER IRRIGATION COMPANY, Applicant–Appellee,**

**and**

**City and County of Denver, acting By and Through its Board of Water Commissioners; Town of Breckenridge; and Orlyn Bell, Division Engineer, Water Division No. 5, Objectors–Appellees.**

**No. 89SA20.**

Supreme Court of Colorado, En Banc.

Nov. 27, 1989.

Timothy J. Flanagan and William J. Duffy, Kelly, Stansfield & O'Donnell, Denver, and James R. McCotter, Sr. Vice President and General Counsel, Public Service Co. of Colorado, of counsel, Denver, for Public Service Co. of Colorado.

Glenn E. Porzak, Holme Roberts & Owen, Boulder, for Blue River Irr. Co.

No appearance for City and County of Denver, Town of Breckenridge and Orlyn Bell, Div. Engineer, Water Div. No. 5.

Justice MULLARKEY delivered the Opinion of the Court.

In this appeal, we are asked to decide whether the water court properly interpreted our decision in *Public Service Co. of Colorado v. Blue River Irrigation Co.*, 753 P.2d 737 (Colo.1988) (*Blue River I*) when it heard the case on remand. Because we conclude that the water court erred, we again reverse and we remand the case to the water court for trial.

### I.

In *Blue River I*, the Public Service Company of Colorado (Public Service) challenged the water court's quadrennial finding of diligence for 1980–1984 with respect to a conditional water right owned by the Blue River Irrigation Company (Blue River). The facts are recited in *Blue River I* and will not be repeated here. *See* 753 P.2d at 738–39.

One of the issues decided in the first appeal, namely Public Service's standing, is not relevant to this appeal. The other two issues considered by this court in *Blue River I* were whether "the water court erred by ruling that the identity of the shareholders in Blue River, which is a Colorado nonprofit mutual ditch company, was not relevant to the reasonable diligence proceedings," and whether "the water court erred by ruling that the economic feasibility of Blue River's plan to develop its water right was irrelevant to the reasonable diligence proceedings." 753 P.2d at 740. We ruled in Public Service's favor on both issues and remanded the case to the water court for further proceedings consistent with the opinion. *Id.* at 743.

On remand, the water court interpreted our opinion very narrowly. It rejected Public Service's attempt to engage in discovery relevant to the issues on which it had prevailed and it refused to allow Public Service to present any witnesses who had not testified at the original diligence proceeding in 1985. Public Service was limited to whatever information it could develop by cross-examining Blue River's witnesses regarding the identity and intent of Blue River's shareholders and the economic feasibility of the proposed irrigation project. Even though Blue River presented new evidence in the form of an analysis of the project's economic feasibility which had been prepared after the 1985 proceeding, Public Service was not permitted to present any rebuttal witnesses to address this issue. Public Service's attempts to elicit information about the identity and intent of the Blue River shareholders were similarly ineffective. The Blue River witness who was available for cross-examination on that issue had severed his connection with the company sometime before the remand hearing and was unable to recall or explain in detail the rather complex ownership of Blue River.

After the hearing, the water court again found that Blue River had satisfied the statutory requirement for the 1980–1984 quadrennial finding of reasonable diligence with respect to its conditional water right.

*See* §§ 37–92–301(4), 37–92–302(1)(a), 15 C.R.S. (1989 Supp.). Public Service then took this appeal.

## II.

■ By a pre-trial order and again by a ruling at the hearing on remand, the water court held that Public Service was limited by the posture of the case as of October 15, 1985, when the court granted Blue River's motion for summary judgment. It prohibited Public Service from conducting any discovery or presenting any witnesses because Public Service had not taken those actions in the 1985 proceeding. Blue River argues that this ruling was sound because the summary judgment motion was decided on the day originally set for the reasonable diligence hearing and Public Service should have been ready for trial. Blue River reasons that, because Public Service had not sought pre-trial discovery on the relevant issues prior to the 1985 hearing and because its witnesses were not present when the summary judgment motion was heard, Public Service was properly restricted on remand to developing its case solely by cross-examination of Blue River's witnesses. We disagree.

Our *Blue River I* decision reversed the water court's order of summary judgment because the water court erred in holding that economic feasibility and the identity and intent of Blue River's shareholders were irrelevant. Thus, Blue River was not entitled to judgment as a matter of law and the water court erroneously granted Blue River's motion for summary judgment. *See* C.R.C.P. 56(c); *Churchey v. Adolph Coors Co.,* 759 P.2d 1336, 1340 (Colo.1988) (summary judgment "is never warranted except on a clear showing that there exists no genuine issue of material fact and the moving party is entitled to judgment as a matter of law").

Blue River, as the party which moved for summary judgment and later defended the award of summary judgment, cannot now claim that the 1985 proceeding was a trial on the merits. This hearing was not a trial because, as we have noted, summary judgment "is not a substitute for trial." *Mt. Emmons Mining Co. v. Town of Crested Butte,* 690 P.2d 231, 239 (Colo.1984). By granting summary judgment, the court "denies the party opposing the motion the right to a trial." *Id.*

Even if the 1985 proceeding were characterized properly as a trial on the merits, Public Service still would be entitled to a new trial governed by the proper standards as determined in *Blue River I. See Weld County Bd. of County Comm'rs v. Slovek,* 723 P.2d 1309, 1319 (Colo.1986) (where trial court applied improper measure of damages which was reversed on appeal, the prevailing party was entitled to a new trial in order to present evidence on remand that is pertinent to the new standards). *Accord Zwick v. Simpson,* 193 Colo. 36, 39, 572 P.2d 133, 134 (1977) ("[I]t would be inequitable to foreclose the possibility of recovery because the plaintiff failed to present evidence on a theory of damages which the trial court felt was inapplicable."). Here too, basic fairness requires that Public Service be given an opportunity to try the case under the appropriate legal standards. Thus, we conclude that Public Service is entitled to a trial at which it can present evidence on the identity and intent of Blue River's shareholders and the project's economic feasibility. Necessarily, reasonable discovery is a prerequisite to the trial.

## III.

■ Public Service also urges us to hold that Blue River has the burden of proof regarding the economic feasibility of its project. We decline to do so. That question was adequately addressed in *Blue River I* where we said:

> The economic feasibility of the proposed development certainly is one relevant factor, especially where, as here, the applicant has had many years in which to investigate various prospects for financing, design, and construction.

753 P.2d at 742.

Accordingly, the judgment of the water court is reversed and the case is remanded for trial.