NEVADA BELL, Appellant, v. BRIAN
C. HURN, Respondent.

No. 19129

May 12, 1989 774 P.2d 1002

*Woodburn, Wedge and Jeppson* and *Suellen Fulstone,* Reno,
for Appellant.

*Durney and Brennan,* Reno, for Respondent.

## OPINION

*Per Curiam:*

Respondent, Brian Hurn, is an employee of appellant, Nevada
Bell. Hurn was injured in the course of his employment and
received worker's compensation benefits from Nevada Bell. Hurn
instituted two civil actions against third parties for compensatory
damages resulting from the accident. One action was brought
against the tortfeasor, Mr. Padellford, and the other action was
brought against Hurn's own insurer, Valley Forge. Nevada Bell
filed a notice of lien pursuant to NRS 616.560, the Nevada
Industrial Insurance Act, in the amount of $24,901.60.

Hurn settled the Padellford action for $50,000.00. Subse-
quently, Hurn settled the action against his insurer for
$30,000.00, bringing his total recovery to $80,000.00. The total
litigation expenses for the two actions was $27,658.90. Hurn
then moved for partial summary judgment to apportion the litiga-
tion expenses according to the formula used in Breen v. Caesar's
Palace, 102 Nev. 79, 715 P.2d 1070 (1986). Nevada Bell opposed

Hurn's motion and proposed two alternate apportionment formulas based upon the ratio of its lien to the gross settlement proceeds. The district court apportioned the litigation expenses according to the *Breen* formula.[1] This appeal followed.

Nevada Bell argues that the *Breen* formula is inequitable because its share of the net proceeds, after paying its share of the litigation expenses, decreases while Hurn's share of net proceeds increases. Consequently, Nevada Bell argues that the *Breen* formula should be rejected in favor of one of the formulas used in other jurisdictions. We disagree.

Other jurisdictions have used two methods for determining the insurer's share of litigation expenses. The first method reduces the insurer's award by the same percentage as the litigation expenses bear to the total recovery. *See* Transport Indemnity Co. v. Garcia, 552 P.2d 473 (N.M.Ct.App. 1976); Worthen v. Shurtleff and Andrews, Inc., 426 P.2d 223 (Utah 1967); Security Insurance Co. of Hartford v. Norris, 439 S.W.2d 68 (Ky. 1969). The second method reduces the insurer's award in the same ratio as the award bears to the total recovery. *See* Cooper v. Argonaut Insurance Co., 556 P.2d 525 (Ala. 1976).

In *Breen* we determined that an insurer "would be unjustly enriched if it were permitted to assess its lien against the total proceeds of the settlement without bearing its share of litigation expenses." *Breen,* 102 Nev. at 85, 715 P.2d at 1074. This court then determined that fundamental fairness requires that the insurer pay litigation expenses in the same proportion as the insurer's lien recovery bears to the net proceeds. Thus, because

---

[1] 
$$\text{Nevada Bell's share of litigation expenses} = \frac{\text{Total Amount of Lien}}{\text{Settlement} - [\text{Fees and Costs}]}$$
$$= \frac{\$24,901.60}{\$80,000.00 - \$27,658.98}$$
$$= \frac{\$24,901.60}{\$52,341.02}$$
$$= .47 \ [\text{or } 47\%]$$

$$\text{Hurn's share of litigation expenses} = \frac{\text{Excess recovery over NIIA amount}}{\text{Settlement} - [\text{Fees and Costs}]}$$
$$= \frac{\text{Settlement} - \text{Litigation Expenses} - \text{Lien}}{\text{Settlement} - [\text{Fees and Costs}]}$$
$$= \frac{\$80,000 - \$27,658.98 - \$24,901.60}{\$80,000 - \$27,658.98}$$
$$= \frac{\$27,658.98}{\$52,341.02}$$
$$= .53 \ [\text{or } 53\%]$$

Nevada Bell receives 47 percent of the net proceeds, its fair share of the litigation expenses is 47 percent.

No further adjustment in determining shares of net proceeds should be made. It is the injured employee who bears the risks of recovering from the tortfeasor. The injured employee may expend thousands of dollars and recover little or nothing from the tortfeasor. The insurer risks no additional expenditures, yet may recover the full amount it has paid in benefits. The *Breen* formula encourages the injured employee to seek a recovery for his injuries from the tortfeasor. Use of the formulas developed in other jurisdictions could lead to the injured employee who risks losing substantial amounts of additional money, receiving nothing even though a recovery is obtained. Such a result is unfair to the employee and his family. The *Breen* formula is consistent with this court's policy of liberally construing worker's compensation statutes to protect employees and their families. *See* SIIS v. Jesch, 101 Nev. 690, 709 P.2d 172 (1985).

Therefore, we reaffirm the *Breen* formula and affirm the decision of the district court.

STEFFEN, A. C. J., SPRINGER, MOWBRAY and ROSE, JJ., and SULLIVAN, D. J.,[2] concur.

---

[2]The Honorable Jerry V. Sullivan, Judge of the Sixth Judicial District, was designated by the Governor to sit in the place of THE HONORABLE CLIFF YOUNG, Chief Justice. Nev. Const., art. 6, § 4.