**COLORADO COUNTIES, INC., a/k/a County Workers Compensation Pool, Plaintiff–Intervenor–Appellant,**

v.

**Wayne DAVIS, Plaintiff–Appellee.**

No. 89CA0518.

Colorado Court of Appeals, Div. III.

June 14, 1990.

As Modified on Denial of Rehearing July 19, 1990.

Certiorari Granted Nov. 19, 1990.

Greengard Senter Goldfarb & Rice, Thomas S. Rice, Kris D. Bicknell, Denver, for plaintiff-intervenor-appellant.

John Gehlhausen, P.C., John Gehlhausen, Darla Scranton Specht, Lamar, for plaintiff-appellee.

Opinion by Judge NEY.

Plaintiff–Intervenor, Colorado Counties, Inc. (CCI), appeals from the order of the trial court granting a pro rata apportionment of attorney fees and costs between plaintiff, Wayne Davis, and CCI, his employer's workmen's compensation carrier.

The sole substantive issue on appeal is whether a workmen's compensation carrier, by becoming subrogated against a third-party tortfeasor, is responsible for pro rata payment of the plaintiff's attorney fees and costs when that carrier, although a party to the third-party suit, did not actively contribute to the prosecution of that claim nor its settlement. We conclude that it is responsible for payment of an apportioned share and, therefore, affirm.

Plaintiff was injured in a automobile accident while in the course and scope of his employment. He received $10,000 in benefits from CCI. Plaintiff then initiated a negligence action against the driver of the other automobile. CCI filed a complaint in intervention to protect its subrogated $10,000 interest under the Colorado Workmen's Compensation Act, § 8–40–101, et seq., C.R.S. (1986 Repl.Vol. 3B) (Act).

Plaintiff responded to CCI's complaint, contending that any sum allocated to CCI should be set off by an apportioned pro rata share for attorney fees and costs incurred by plaintiff. CCI replied that the Act does not provide for such a pro rata sharing of expenses in a third-party action. Instead, CCI asserted, the Act allows for a full recovery, not diminished by attorney fees and costs, of any sum paid to a plaintiff upon recovery from a third party.

A settlement for recovery from the third party of $35,000. was accepted by plaintiff.

The trial court held that CCI was responsible to pay its share of the costs and fees incurred by plaintiff. The court's ruling was based on its findings that CCI derived a benefit and, thus, would be unjustly enriched if it were not required to participate and that sound public policy dictated such a resolution.

### I.

The Workmen's Compensation Act is remedial and beneficent in purpose, and should be liberally construed to accomplish its humanitarian purpose of assisting injured workers and their families. *See Allee v. Contractors, Inc.*, 783 P.2d 273 (Colo.1989). The Act, however, must not be pushed beyond the limits of its purpose nor its funds diverted to those claimants not clearly entitled thereto. *See Industrial Commission v. Baldwin*, 139 Colo. 268, 338 P.2d 103 (1959).

If no guidance is provided by a statute, fundamental fairness must be the guideline. *Transport Indemnity Co. v. Garcia*, 89 N.M. 342, 552 P.2d 473 (1976).

Under third-party statutes containing no reference to fees and costs, the majority of jurisdictions currently hold that the carrier or employer may be charged with a proportionate share of the costs and attorneys' fees incurred by the employee in the third-party suit. *E.g., Transport Indemnity Co. v. Garcia, supra; see* 2A A. Larson, *Workmen's Compensation Law*, § 74.32(a)(3) (1988); *see In re Death of Peterkin*, 729 P.2d 977 (Colo.1986) (discusses without deciding issue of claimant's right to apportion attorney's fees and costs). Jurisdictions which have held an employer or its carrier liable for a proportionate share of litigation expenses in the absence of an authorizing statute have done so on principles of equity and unjust enrichment. *See Breen v. Caesar's Palace*, 715 P.2d 1070 (Nev.1986).

Here, as in *Tuttle v. Morrison–Knudsen Co.*, 177 Mont. 166, 580 P.2d 1379 (Mont. 1978), it is the plaintiff who bears the burden of the expense and risk of litigation in the third party action. It would be fundamentally unfair and unjustly enrich CCI for plaintiff to pay all of the expenses and bear the risk of the litigation but at the same time to absolve CCI of all costs incurred. Accordingly, we agree with the trial court that, under these circumstances, the carrier should be charged with its proportionate share of the attorney fees and costs.

The order is affirmed.

STERNBERG and PLANK, JJ., concur.