**COUNTY WORKERS COMPENSATION POOL, Petitioner,**

v.

**Wayne DAVIS, Respondent.**

**No. 90SC504.**

Supreme Court of Colorado,
En Banc.

Sept. 16, 1991.

As Modified on Denial of Rehearing
Oct. 7, 1991.

---

Greengard, Senter, Goldfarb & Rice, Thomas S. Rice, Kris D. Bicknell, Karen Treece Peterson, Denver, for petitioner.

John Gehlhausen, P.C., John Gehlhausen, Darla Scranton Specht, Lamar, for respondent.

McDermott, Hansen, Anderson & Reilly, P.C., Daniel M. Reilly, Denver, for amicus curiae The Colorado Trial Lawyers Ass'n.

Justice QUINN delivered the Opinion of the Court.

The question in this case is whether a workers' compensation insurer that has paid workers' compensation benefits to a worker for injuries sustained in the course of employment may be assessed a portion of the worker's attorney fees and court costs incurred in prosecuting a tort claim against the person who caused the worker's injuries when the tort claim is settled for an amount in excess of the insurer's liability for workers' compensation benefits. In *Colorado Counties, Inc. v. Davis,* 801 P.2d 10 (Colo.App.1990), the court of appeals affirmed a judgment against the insurer for a pro rata share of the attorney fees and court costs incurred by the worker

and held that the order of assessment was justified by considerations of fundamental fairness to the worker and the prevention of unjust enrichment to the insurer. We affirm the judgment of the court of appeals.

## I.

The facts are undisputed. On January 16, 1987, the plaintiff, Wayne Davis, was riding as a passenger in an automobile and was injured when the defendant, Robert Emick, drove his automobile into the vehicle occupied by Davis. At the time of the accident Davis was acting in the course and scope of his employment with Prowers County and filed a workers' compensation claim with Colorado Counties, Inc., also known as County Workers Compensation Pool (hereinafter referred to as CCI), which was the insurer for Prowers County. CCI paid Davis $10,006.31 in workers' compensation benefits.

In April 1988, Davis filed a tort claim in negligence against Emick for the injuries and damages that Davis sustained in the accident. Davis' attorney prepared the pleadings, took several depositions, generally prepared the case for trial, and engaged in settlement negotiations with Emick's lawyer. Although CCI did not join or participate in the tort litigation, CCI took the position that it was entitled to receive a 100% reimbursement for the workers' compensation benefits previously paid to Davis and filed a complaint in intervention to protect its right to a full reimbursement. Davis responded to CCI's complaint in intervention by claiming that CCI, in the event of a favorable judgment or settlement in the tort action against Emick, should be required to bear a proportionate share of the litigation expenses incurred by Davis. Davis' tort claim against Emick

was ultimately settled for $35,000.00, which was far in excess of the $10,006.31 previously paid by CCI to Davis in workers' compensation benefits. Shortly before the settlement Davis filed a motion requesting the trial court to determine whether CCI should be required to pay a proportionate share of Davis' attorney fees and court costs.

The district court conducted a hearing on Davis' motion and ruled that CCI was responsible for a proportionate share of Davis' attorney fees and court costs. In so ruling, the district court noted that CCI did not actively participate in the prosecution of the tort litigation, that the settlement was achieved solely through the efforts of Davis' attorney, that CCI derived a monetary benefit from the settlement, and that CCI would be unjustly enriched if it did not contribute to a portion of Davis' litigation expenses. The district court, after the settlement was effected, ordered CCI to pay Davis one-third of the gross amount of its workers' compensation subrogation interest of $10,006.31, or $3,302.00, as reimbursement for a share of Davis' attorney fees, and also $168.38 as reimbursement for a proportionate share of Davis' court costs of $590.81. The district court accordingly entered a judgment in favor of Davis and against CCI for the total sum of $3,470.38, plus interest at the rate of eight percent per annum.[1]

CCI appealed to the court of appeals, which affirmed the judgment. Acknowledging that the Colorado Workers' Compensation Act is silent on whether an insurer should bear any responsibility for an injured worker's attorney fees and court costs in connection with the successful prosecution of a tort claim against a third party who caused the worker's injuries, the court of appeals reasoned that "[i]t would be fundamentally unfair and unjustly en-

---

1. The district court set the insurer's obligation for attorney fees at 33⅓% of the gross amount of its subrogation recovery, since that was the same percentage which the employee was obliged to pay. In the court's view, "[n]o valid reason exists why [the insurer] should pay any sum less than that incurred by [the employee] in light of the fact that [the employee] bore all the risk of losing costs of litigation against Mr.

Emick if it were unsuccessful." The district court set the insurer's obligation for court costs at $168.38 because that sum equalled 28.5% of the total costs incurred by the plaintiff and the insurer received 28.5% of the total amount recovered in the case—that is, the insurer's recovery of $10,006.31 was equal to 28.5% of the $35,000.00 total recovery.

rich CCI for [Davis] to pay all of the expenses and bear the risk of the litigation but at the same time to absolve CCI of all costs incurred." *Colorado Counties*, 801 P.2d at 12. We granted CCI's petition for certiorari to consider whether, under the circumstances of this case, the court of appeals properly resolved CCI's responsibility for a proportionate share of Davis' attorney fees and court costs.

## II.

The Colorado Workers' Compensation Act creates several remedies for an employee who is injured by the negligence of a third party not in the same employ.[2] Section 8–52–108(1), 3B C.R.S. (1986), permits an injured employee to file a claim for workers' compensation benefits and also to sue the tortfeasor not in the same employ for the full amount of damages available in tort. If the injured employee elects to take workers' compensation benefits, the payment of such benefits operates as "an assignment of the cause of action against such other person," and to that extent the insurer is subrogated to the rights of the injured employee against the third party. *Id.* The insurer, however, is not permitted to recover any sum in excess of the amount of workers' compensation for which the

insurer is liable to the injured employee. *Id.* The statute also provides that if the injured employee elects to file a tort claim against the third party, the insurer shall be obligated to contribute only the deficiency, if any, between the amount of recovery in the tort litigation and the compensation benefits for which the insurer is liable. *Id.* Section 8–52–108(2) protects the subrogation interest of the insurer by requiring the insurer's written approval of any settlement of the employee's tort claim for an amount less than the amount of workers' compensation benefits for which the insurer is responsible. The statutory scheme thus requires the employee to reimburse the insurer for past workers' compensation benefits, and also allows the insurer to offset against any future workers' compensation benefits any portion of the recovery not used to reimburse the insurer for past benefits. *Tate v. Industrial Claim Appeals Office*, 815 P.2d 15, 17 (Colo.1991). Under this approach the employee receives interim workers' compensation benefits, recovers from the tortfeasor, reimburses the insurer for interim benefits, credits the insurer for potential future benefits, and keeps the remainder as excess damages. The employee has an incentive to recover the entire damages from the tortfeasor because the employ-

**2.** The pertinent provisions of § 8–52–108, 3B C.R.S. (1986), as applicable to this case, are as follows:

(1) If any employee entitled to compensation ... is injured ... by the negligence or wrong of another not in the same employ, such injured employee ..., before filing any claim under this article, shall elect in writing whether to take compensation under said articles or to pursue his remedy against the other person. Such election shall be evidenced in such a manner as the director may by rule or regulation prescribe. If such injured employee ... elect[s] to take compensation under said articles, the payment of compensation shall operate as and be an assignment of the cause of action against such other person to the ... insurance carrier liable for the payment of such compensation. Said insurance carrier shall not be entitled to recover any sum in excess of the amount of compensation for which said carrier is liable under said articles to the injured employee, but to that extent said carrier shall be subrogated to the rights of the injured employee against said third party causing the injury. If the injured

employee elects to proceed against such other person, the ... insurance carrier ... shall contribute only the deficiency, if any, between the amount of the recovery against such other person actually collected and the compensation provided by said articles in such case. The right of subrogation provided by this section shall apply to and include all compensation and all medical, hospital, dental, funeral and other benefits and expenses to which the employee or his dependents are entitled ... or for which his employer or insurance carrier is liable or has assumed liability. Nothing in this section shall be construed as limiting in any way the right of the injured employee to elect to take compensation under articles 40 to 54 of this title and also proceed against the third party causing the injury to recover any damages in excess of the subrogation rights described in this section.

(2) ... A compromise of any such cause of action by the employee or his dependents at an amount less than the compensation provided for by articles 40 to 54 of this title shall be made only with the written approval of the ... insurance carrier liable to pay the same.

ee does not recover for the excess damages until the workers' compensation benefits have been recovered. Moreover, the insurer's subrogation right allows it to recover its workers' compensation payments from the tortfeasor if the employee does not pursue a tort action or limits the claim to an amount in excess of workers' compensation benefits. This system shifts ultimate responsibility to the tortfeasor, the party responsible for the employee's injuries.

*Id.* at 17–18.

Notwithstanding this intricate statutory scheme for preserving the employee's tort claim, protecting the insurer's subrogation right, and also preventing double recovery by the injured employee, the Workers' Compensation Act is totally silent on the issue of apportioning attorney fees and court costs incurred by the injured employee in the tort litigation against the tortfeasor responsible for the employee's injuries and damages. It is that statutory scheme on which CCI focuses in urging reversal of the court of appeals' decision.

### III.

█ CCI basically argues that the failure of the Colorado Workers' Compensation Act to address the apportionment of an injured employee's attorney fees and court costs incurred in tort litigation against a third party precluded the district court from entering the order of apportionment in this case. In the *Matter of the Death of Peterkin*, 729 P.2d 977, 980 (Colo.1986), we acknowledged that "[t]he apportionment of litigation costs and the allocation of a third-party recovery between the employee and

the employer's insurance carrier is a troublesome issue that has spawned considerable litigation and a number of different legislative enactments," but we found it unnecessary to decide whether a court properly could apportion attorney fees and court costs between an employee and a workers' compensation insurer where the employee settles a tort claim for an amount in excess of the insurer's subrogation interest.[3] The question left unanswered in *Peterkin* is directly before us here.

There is a distinct split of authority on whether an insurer may be charged with a proportionate share of attorney fees and court costs incurred by the employee in the tort litigation when the workers' compensation statutory scheme is silent on that issue. Several jurisdictions—a sufficient number apparently to qualify as a majority, *see* 2A A. Larson, *Workmen's Compensation Law* § 74.32(a)(3) at 14–519 (1990)— hold that basic considerations of fairness to the employee and the prevention of unjust enrichment to the insurer militate in favor of a rule authorizing an order of apportionment. *D.N. Corp. v. Hammond,* 685 P.2d 1225 (Alaska 1984); *Hall v. Young's Dairy Products Co.,* 98 Idaho 562, 569 P.2d 907 (1977); *Charles Seligman Distributing Co. v. Brown,* 360 S.W.2d 509 (Ky.1962); *Herrington v. Mayo,* 550 So.2d 745 (La.Ct. App.1989); *Tuttle v. Morrison–Knudsen Co., Inc.,* 177 Mont. 166, 580 P.2d 1379 (1978); *Nevada Bell v. Hurn,* 105 Nev. 211, 774 P.2d 1002 (1989); *Transport Indem. Co. v. Garcia,* 89 N.M. 342, 552 P.2d 473 (N.M.Ct.App.1976), *cert. denied,* 90 N.M. 9, 558 P.2d 621 (1976); *Carter v. Wooley,* 521 P.2d 793 (Okla.1974).[4] Although there ex-

**3.** In *Peterkin,* the spouse of a fatally injured employee, without seeking the approval of the workers' compensation insurer, settled a wrongful death claim against the third party responsible for the employee's death. Because the spouse settled the wrongful death claim for less than the amount necessary to discharge the insurer of its workers' compensation liability, and did so without the insurer's consent, we held that the insurer could offset the full amount of the tort settlement against any future death benefits payable to the spouse.

**4.** The court of appeals considered the fairness to the employee and the prevention of unjust en-

richment to the employer in *Drake v. Insurance Co. of North America,* 736 P.2d 1244 (Colo.App. 1986), where it held that a worker's compensation insurer was not entitled to offset against additional workers' compensation benefits the full settlement received by the employee on the employee's tort claim against a third party. The amount of the settlement included the employee's attorney fees, and the insurer was a party to the tort litigation, but there was no indication in the court of appeals' opinion of the extent of its participation. Both the insurer and the employee requested the trial court to determine their respective rights to the settlement proceeds, and the trial court concluded that reasonable attor-

ists a contrary line of authority, *Commercial Union Ins. Co. v. Scott,* 116 Ga.App. 633, 158 S.E.2d 295 (1967); *Tucker v. Nason,* 249 Iowa 496, 87 N.W.2d 547 (1958); *Meehan's Case,* 316 Mass. 522, 56 N.E.2d 23 (1944); *Becker v. Huss Co., Inc.,* 43 N.Y.2d 527, 373 N.E.2d 1205, 402 N.Y.S.2d 980 (1978); *Dover v. Casualty Reciprocal Exchange,* 410 S.W.2d 306 (Tex.Civ.App. 1966); *Lowry v. Department of Labor and Industry,* 21 Wash.2d 538, 151 P.2d 822 (1944), we find the reasoning of what appears to be the emerging majority rule more persuasive.

We must be mindful that the legislature, in enacting the Workers' Compensation Act, intended to achieve a just and reasonable result. § 2–4–201(1)(c), 1B C.R.S. (1980). An injured employee who files a tort claim against a third party after receiving workers' compensation benefits will necessarily be burdened with attorney fees and court costs in successfully litigating the tort claim. The workers' compensation insurer, however, even though it elects not to participate in the tort litigation, will have the prior right to reimbursement to the extent of its subrogation interest out of any judgment or settlement in favor of the employee. Where the insurer elects not to participate in the tort litigation and the injured worker obtains a judgment or settlement for an amount greater than the insurer's workers' compensation liability,

the insurer receives a distinct monetary benefit and at the same time is relieved of the expense, time, and effort which it otherwise would have been required to expend in separately pursuing its subrogation claim against the tortfeasor.

■ A basic rule of equity permits an apportionment under circumstances where a party has been successful in creating a fund from which other passive beneficiaries derive monetary advantage. *E.g., Tuttle,* 580 P.2d at 1382; *Allstate Ins. Co. v. Steinberg,* 226 Cal.App.3d 216, 277 Cal. Rptr. 32 (1990). We believe that this rule of equitable apportionment is particularly applicable to the circumstances of this case. Indeed, a contrary rule would require the employee to bear the litigation expenses for that very part of the recovery which the employee is obligated by statute to pay over to the insurer, thereby resulting in a substantial pecuniary benefit to the insurer at the expense of the employee. We accordingly hold that where, as here, an injured employee's tort claim against a third party is settled for an amount greater than the insurer's subrogation claim for workers' compensation benefits, and the insurer has not actively participated in the tort litigation, a court may order the insurer to pay a reasonable share of the attorney fees and court costs incurred by the employee in the tort litigation.[5]

ney fees and court costs were to be deducted from the employee's total recovery before the workers' compensation carrier was to be reimbursed for workers' compensation benefits previously paid to the employee. The court of appeals held that the employee was entitled to deduct the attorney fees and court costs awarded by the district court from the total recovery before reimbursement was to be made to the insurer, thereby limiting the subrogation recovery of the insurer to the net proceeds of the tort settlement. Citing 2A A. Larson, *Workmen's Compensation Law* § 74–32(a)(3) (1983), the court of appeals remarked that "[n]o windfall inures to [employee] under these circumstances, and the carrier benefits from the creation of a fund which reduces its obligations." 736 P.2d at 1246; *see also Kennedy v. Industrial Commission,* 735 P.2d 891 (Colo.App.1986) (workers' compensation subrogation claim reduced by attorney fees and court costs incurred by employee in tort litigation against third party).

5. CCI claims that apportioning attorney fees and court costs between the employee and the insurer interferes with its right to enter into an attorney-client relationship with an attorney of its choice. We find no merit in this argument. The insurer has the right to intervene and participate in the employee's tort action against a third party or may elect to file a separate claim against the tortfeasor. In the absence of either action by the insurer, the successful prosecution of the employee's tort claim against a third party for damages inclusive of loss of earning capacity, permanent disability, and medical and other expenses covered by workers' compensation benefits adequately protects the interest of the insurer by reason of the insurer's statutory lien to the extent of its workers' compensation liability. Apportioning litigation costs between the employee and the insurer under these circumstances is designed to prevent unjust enrichment to the insurer after the insurer has elected to forego its right to retain an attorney to actively participate in the employee's tort litigation.

■ We hasten to add that any order of apportionment of attorney fees and court costs between the insurer and the employee must be reasonable and be tailored to the circumstances of the case. An insurer's active participation in the tort litigation, for example, and its significant contribution to a favorable judgment or settlement award would certainly be appropriate matters for a court to consider in determining whether, and if so in what manner, to apportion the litigation expenses between the insurer and the employee. In the instant case, the trial court ordered the insurer to pay the same percentage of attorney fees from its gross recovery as the employee was obliged to pay and also to pay a percentage of court costs commensurate with the ratio of the insurer's subrogation interest to the total settlement award. In light of the fact that the insurer's participation in the tort litigation consisted only of filing a complaint in intervention to protect its full subrogation interest against any apportionment of attorney fees, we are satisfied that the order of apportionment was reasonable under the particular circumstances of this case.

The judgment of the court of appeals is affirmed.