**Stephen P. CASTELLARI,**
**Plaintiff–Appellant,**

v.

**PARTNERS HEALTH PLAN OF COLORADO, INC.,**
**Intervenor–Appellee.**

No. 92CA0923.

Colorado Court of Appeals,
Div. II.

July 29, 1993.

Rehearing Denied Sept. 23, 1993.

Breit, Best, Richman & Bosch, P.C., Warren B. Bosch, Kristen L. Mix, Bradley A. Levin, Denver, for plaintiff-appellant.

Popham, Haik, Schnobrich & Kaufman, Richard G. Sander, Deborah L. Bayles, Denver, for intervenor-appellee.

Opinion by Judge REED.

Plaintiff, Stephen P. Castellari, appeals from the trial court's denial of his motion for an equitable assessment of attorney fees against his health insurance carrier, Partners Health Plan of Colorado, Inc. (Partners). We reverse and remand with directions.

In December 1989, plaintiff was injured when his motorcycle was struck by a car. During the ensuing two years, Partners paid approximately $26,000 in medical expenses incurred by plaintiff.

In May 1991, plaintiff brought this action against the driver of the car to recover damages for the personal injuries sustained as a result of the accident. Shortly before trial, Partners requested and received permission to intervene in the case for the limited purpose of establishing a lien for the amount of the benefits it had paid against any recovery obtained by plaintiff. The case then proceeded to trial, following which the jury returned a verdict awarding plaintiff $121,265.

Plaintiff then filed a motion to require Partners to pay a proportionate share of his attorney fees. Plaintiff's request was based on *County Workers Compensation Pool v. Davis*, 817 P.2d 521 (Colo.1991), wherein our supreme court held that, under the equitable "common fund" doctrine, a workers' compensation insurer may be held liable for a portion of the attorney fees and costs incurred by an injured worker in tort litigation which results in reimbursement of the insurer's subrogation interest.

Partners opposed plaintiff's motion, arguing that the holding in *County Workers* was inapplicable because it was based on "a statutory scheme and public policy unique to worker's compensation law." In addition, Partners claimed it had not been unjustly enriched because plaintiff had been informed prior to the commencement of the action that Partners intended to pursue independently its subrogation claim. The trial court denied plaintiff's motion without comment, and this appeal followed.

Again relying upon *County Workers, supra*, plaintiff contends the trial court erred in ruling that he was not entitled to recover a portion of his attorney fees from Partners. We agree.

At the outset, we reject Partners' assertion that the decision in *County Workers* has no application here. As noted above, the supreme court's holding in

*County Workers* was clearly based on the "common fund" doctrine. That doctrine, which the supreme court characterized as a "basic rule of equity," *County Workers, supra,* 817 P.2d at 526, rests upon the principle that "those who share in the benefits of litigation should also share its costs." *Agee v. Trustees of Pension Board,* 33 Colo.App. 268, 273, 518 P.2d 301, 304 (1974). Accordingly, when a party has incurred litigation expenses in creating or preserving a fund from which others derive benefit, the doctrine operates to prevent the passive beneficiaries from being unjustly enriched by requiring them to bear a fair share of the costs incurred by the active litigant. *See generally Depositors' Committee v. Financial Management Task Force, Inc.,* 809 P.2d 1095 (Colo.App.1991).

Equally without merit is Partners' attempt to escape application of the common fund doctrine by asserting that it was not a "passive" beneficiary of plaintiff's action.

The record does indicate that, prior to the commencement of the lawsuit, Partners had rejected a suggested joint representation arrangement with plaintiff's counsel and then engaged in unspecified direct negotiations with the tortfeasor's insurance carrier. However, there is no indication that Partners was making any progress toward obtaining reimbursement from that insurance carrier.

Also, we note that Partners does not argue that the *amount* of the fees which it is obligated to pay should be tempered to reflect any contribution or benefit bestowed by it toward the ultimate recovery; it asserts only that it should be relieved of all responsibility for the attorney fees.

Furthermore, Partners' actions after plaintiff had initiated suit were limited to filing a motion to intervene and obtaining a stipulation of the amount of its claim for subrogation. These efforts to assert Partners' subrogation rights did nothing to aid or assist in the recovery of the common fund; consequently, they cannot be viewed as "active participation" in the prosecution of the case. *Cf. County Workers, supra,* 817 P.2d at 527 ("An insurer's active participation in the tort litigation, for example, and its significant contribution to a favor-able judgment or settlement award would certainly be appropriate matters for a court to consider in determining whether, and if so in what manner, to apportion the litigation expenses between the insurer and the employee").

In our view, the record fails to disclose any basis for the trial court's refusal to assess against Partners a proportionate share of the attorney fees and costs incurred in the action. We therefore conclude that the trial court abused its discretion in denying plaintiff's motion.

The order of the trial court is reversed, and the cause is remanded for further proceedings consistent with the views expressed in this opinion.

METZGER and BRIGGS, JJ., concur.