Timothy R. SCHENCK, Plaintiff,

v.

MINOLTA OFFICE SYSTEMS, INC.,
Victor J. Yosha, and Russell
Rumley, Defendants,

and Concerning Clifford
L. Beem, Appellant,

and

The State of Colorado, Appellee.

No. 92CA1524.

Colorado Court of Appeals,
Div. IV.

Oct. 21, 1993.

Rehearing Denied Nov. 26, 1993.

Certiorari Denied May 2, 1994.

Beem & Mann, P.C., Clifford L. Beem,
Stuart D. Mann, Denver, for appellant.

Gale A. Norton, Atty. Gen., Raymond T.
Slaughter, Chief Deputy Atty. Gen., Timothy
M. Tymkovich, Sol. Gen., Laurie Rottersman,
Asst. Atty. Gen., Denver, for appellee.

Opinion by Judge RULAND.

Clifford L. Beem appeals from the order of
the trial court denying his motion to fore-
close an attorney's lien. We affirm.

Beem served as the attorney for plaintiff,
Timothy Schenck, in a suit against the named
defendants for malicious prosecution. Fol-
lowing trial, the jury awarded Schenck $350,-
000 in actual damages and $300,000 in exem-
plary damages. The trial court then award-
ed one-third of the exemplary damages to
the state pursuant to § 13–21–102(4), C.R.S.
(1987 Repl.Vol. 6A) which was then in effect.

Only the defendants appealed to this court,
and the judgment was affirmed in *Schenck v.
Minolta Office Systems, Inc.*, 802 P.2d 1131
(Colo.App.1990). Hence, the mandate was
issued by this court on January 3, 1991.

One week later Beem filed a notice of
attorney's lien against the $100,000 awarded
to the state. The notice specified that
Beem's claim arose from his contingent fee
agreement with Schenck, which entitled
Beem to 50 percent of all amounts received
or collected by judgment.

Approximately eight months later, our su-
preme court issued its decision in *Kirk v.
Denver Publishing Co.*, 818 P.2d 262 (Colo.
1991), holding that the provision in § 13–21–
102(4), entitling the state to one-third of any
exemplary damages award, constituted an
unconstitutional taking of private property
without just compensation. Following the
announcement of the court's decision in *Kirk,*
Beem filed a motion to foreclose on the lien.

The trial court ruled that the validity of
Beem's lien depended on whether Schenck
was entitled to recover the $100,000 paid to
the state. The court then concluded that

since Schenck had not raised the constitutionality of § 13–21–102(4) in the initial appeal, the award to the state constituted the law of the case, and thus, that ruling could not be modified to impose an award of fees. The court also concluded that Beem was reasonably compensated under the fee agreement with his client and that, therefore, an additional award of fees was not warranted.

## I

Beem first contends that he was entitled to an award of fees from the state based upon the common fund doctrine. Even if we assume that Beem asserted this claim in a timely manner, we nevertheless conclude that the trial court's ruling should be affirmed.

While in operation, § 13–21–102 awarded to the state one-third of all reasonable damages collected as a punitive award in civil litigation. The statute also provided, however, that:

> Nothing in this subsection (4) shall be construed to give the general fund any interest in the claim for exemplary damages or in the litigation itself at any time prior to payment becoming due.

Hence, as the court noted in *Kirk*, the state had no claim until after the judgment was entered and its claim was limited to proceeds collected on the judgment.

The equitable common fund doctrine, however, has been applied generally in cases in which a party had a right to intervene in the litigation and elected not to do so on an active basis. *See Agee v. Trustees of Pension Board*, 33 Colo.App. 268, 518 P.2d 301 (1974). Thus, in *County Workers Compensation Pool v. Davis*, 817 P.2d 521 (Colo.1991), our supreme court approved application of the doctrine to support an award of attorney fees to counsel for a workers' compensation plaintiff where part of the recovery was claimed by the compensation insurer under its subrogation rights. There, the court held:

> [W]here, as here, an injured employee's tort claim against a third party is settled for an amount greater than the insurer's subrogation claim for workers' compensa-

tion benefits, and the insurer has not actively participated in the tort litigation, a court may order the insurer to pay a reasonable share of the attorney fees and court costs incurred by the employee in the tort litigation.

*County Workers Compensation Pool v. Davis, supra,* at 526.

Relying upon that holding, a panel of this court, in *Castellari v. Partner's Health Plan of Colorado, Inc.,* 860 P.2d 593 (Colo.App. 1993), upheld an award of fees to counsel for the plaintiff in a personal injury action for that portion of the judgment payable to a health insurance carrier that had elected not to participate actively in the litigation.

■ Here, there is no suggestion that plaintiff paid any fees on that part of the judgment awarded to the state. Conversely, unlike the facts in *County Workers* and *Castellari,* because it had no legal interest in any award until after judgment entered, the state was not afforded any opportunity to intervene before judgment and thus to select counsel and assert any claim on its own behalf. *See County Workers Compensation Pool v. Davis, supra* (fn. 5). Under these circumstances, we perceive no error in the court's decision not to apply the equitable common fund doctrine.

## II

■ Beem next contends that the trial court erred in relying upon the law of the case doctrine to conclude that he could not claim an ownership interest in the award to the state. According to Beem, once our supreme court concluded in *Kirk* that § 13–21–102 was unconstitutional, his fee agreement with Schenck entitled him to 50 percent of the award to the state because the state had no rightful claim to those funds. Again, we disagree.

The award to the state was made following entry of the jury verdict and prior to the entry of final judgment and the filing of defendants' notice of appeal. Hence, Beem was in a position to cross-appeal the award to the state, but he failed to do so.

Under these circumstances, even if we assume that the law of the case doctrine is

inapplicable, he may not assert this claim for the first time here. *See Hein Enterprises, Ltd. v. San Francisco Real Estate Investors,* 720 P.2d 975 (Colo.App.1986) (absent perfected cross-appeal court lacked jurisdiction to review decision not to award attorney fees); *Madrid v. Safeway Stores, Inc.,* 709 P.2d 950 (Colo.App.1985) (absent perfected cross-appeal court lacked jurisdiction to consider whether trial court properly increased jury's award of damages).

The order denying foreclosure of the attorney's lien is affirmed.

CRISWELL and PLANK, JJ., concur.