Corinne OSBORNE and Jack Osborne, Individually and as Parents and Guardians of Garrett Osborne, a Minor, Plaintiffs–Appellants,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant–Appellee.

No. 94CA1788.

Colorado Court of Appeals, Div. II.

Jan. 25, 1996.

Rehearing Denied March 14, 1996.

Certiorari Denied Sept. 23, 1996.

Salmon, Godsman & Nicholson, P.C., John G. Salmon and William P. Godsman, Englewood, for Plaintiffs–Appellants.

Bayer, Carey & McGee, P.C., Gary L. Palumbo, Denver, for Defendant–Appellee.

Opinion by Judge HUME.

Plaintiffs, Corinne and Jack Osborne, individually, and as parents and guardians of Garrett Osborne, appeal the trial court's denial of their motion for attorney fees and costs. We affirm.

On January 14, 1993, Garrett and his mother, Corinne, were injured in a collision involving their car and a front-end loader. Defendant, State Farm Mutual Automobile Insurance Company (State Farm), as plaintiffs' insurance carrier, paid personal injury protection (PIP) benefits pursuant to Colorado's No-fault Act. *See* § 10–4–701, et seq., C.R.S. (1994 Repl.Vol. 4A).

Plaintiffs filed a personal injury suit against both the driver of the front-end loader and his employer (tortfeasors). Plaintiffs' attorney notified State Farm of the suit and offered to represent its subrogated interest claim. State Farm declined the offer, expressing its intent to pursue its claim independently under an arbitration agreement with the liability carrier for the tortfeasors in that action.

On December 7, 1993, plaintiffs' suit was settled by an agreement with the tortfeasors' liability carrier. As a condition of the settlement, plaintiffs signed a release and agreed to indemnify the tortfeasors' liability carrier against all other claims resulting from the collision, including any subrogation claims held by other insurance carriers.

Thereafter, on December 21, 1993, plaintiffs filed a stipulation for dismissal of their action against the tortfeasors, reserving, however, the right to pursue a disputed attorney fee issue with State Farm. Later, on February 1, 1994, plaintiffs filed motions to join State Farm as a party defendant and for declaratory relief on the attorney fee issue. The trial court granted the motion to join State Farm and, after extensive briefing of the issues, it denied the motion for declara-

tion of entitlement to attorney fees and costs against State Farm.

Plaintiffs contend that the trial court erred in determining that State Farm was not a passive beneficiary under the "common fund doctrine" recognized in *County Workers Compensation Pool v. Davis,* 817 P.2d 521 (Colo.1991). We disagree.

The No-fault Act is to be liberally construed to further its remedial and beneficent purposes. *Travelers Indemnity Co. v. Barnes,* 191 Colo. 278, 552 P.2d 300 (1976). One of the primary purposes of the No-fault Act is to reduce the amount of tort litigation arising out of automobile accidents. *Baumgart v. Kentucky Farm Bureau Mutual Insurance Co.,* 199 Colo. 330, 607 P.2d 1002 (1980).

■ When an injured party's tort claim is settled for an amount greater than its insurer's subrogation claim, and the insurer has not actively participated in the tort litigation, a court may order the insurer to pay a reasonable share of the attorney fees and court costs incurred in the course of the litigation. *County Workers Compensation Pool v. Davis, supra; see also Castellari v. Partners Health Plan of Colorado, Inc.,* 860 P.2d 593 (Colo.App.1993)(common fund doctrine operates to prevent passive beneficiaries from being unjustly enriched by requiring them to bear a fair share of the costs of litigation).

■ If a tortfeasor is chargeable with notice of an insurer's rights and enters a settlement with an insured to which the insurer is not a party, the settlement may be regarded as having been made subject to the rights of the insurer. *State Farm Mutual Automobile Insurance Co. v. Sanditen,* 701 P.2d 876 (Colo.App.1985).

■ Here, the trial court found that State Farm, unlike the insurance carriers in *County Workers Compensation Pool v. Davis, supra,* and *Castellari v. Partners Health Plan of Colorado, Inc., supra,* had not intervened in the underlying action and had, in fact, expressly told plaintiffs' attorney that it did not want to participate in any litigation, but that it intended to pursue its claim indepen-

dently under an arbitration agreement with the liability carrier for the tortfeasors. As a result of this conversation, State Farm was not notified of the settlement conference or that plaintiffs had signed a purported release and indemnification agreement as to State Farm's claim against tortfeasors' liability insurer as part of the settlement agreement.

The trial court therefore determined that State Farm was not a passive beneficiary and that, consequently, the common fund doctrine was not applicable. We agree with that determination.

The insurers in *County Workers Compensation Pool v. Davis, supra,* and *Castellari v. Partners Health Plan of Colorado, Inc., supra,* chose to intervene in litigation and expected to share in the results of the actions and/or settlements. That they did not actively participate after declaring their intent to do so and after having voluntarily attained party status in the lawsuit made them passive beneficiaries. As such, the insurers in those cases became subject to payment of attorney fees under the common fund doctrine.

However, unlike the insurers in *County Workers* and *Castellari,* here, State Farm not only did not intervene, it also expressed no intention or plan to intervene, to participate in, or to share in the results of plaintiffs' suit. State Farm's communication with the other insurance company and with plaintiffs' counsel was sufficient notice of its right to pursue its subrogation claim by arbitration upon termination of plaintiffs' liability action. In addition, State Farm was not notified of, or afforded an opportunity to, participate in the settlement negotiations.

If a PIP provider were to be required to intervene and actively participate in every tort action commenced by its insureds in order to protect its subrogation claims or, alternatively, if it were required to pay attorney fees to the insured's attorney in order to be reimbursed, then the purpose of the No-fault Act would be undermined. Insurance companies would find themselves in the position of having either to participate in litigation of each claim or risk paying attorney fees incurred by its insured in seeking a tort remedy. The opportunity to arbitrate would be effectively rendered inoperative by this forced choice.

Under these circumstances, we conclude that State Farm's actions did not render it a passive beneficiary of the settlement fund created by plaintiffs. It remained willing to take its chances on arbitration to resolve its entitlement to reimbursement of PIP benefits it had paid to plaintiffs.

The fund that resulted from plaintiffs' settlement negotiations included State Farm's subrogation interests only because plaintiffs acceded to the demands of the tortfeasors' insurer. The common fund was not created pursuant to any request or desire on the part of State Farm, but by negotiations to which it was not privy.

Moreover, State Farm did not voluntarily intervene in plaintiffs' lawsuit at any time. Rather, it was involuntarily joined in that action after it had first asserted a claim against the tortfeasors' insurer and had been advised to contact plaintiffs pursuant to the terms of the indemnification agreement.

Furthermore, on this record, plaintiffs are not entitled to recover under the doctrine of unjust enrichment. Even if a benefit was conferred upon and appreciated by State Farm, the benefit was not accepted under circumstances that render it inequitable to be retained without payment of its value. *See Moore & Co. v. T–A–L–L, Inc.,* 792 P.2d 794 (Colo.1990).

Thus, we conclude that the trial court did not err in refusing to award attorney fees to plaintiffs from the amount set aside to reimburse State Farm.

We decline to address other issues raised only in plaintiffs' reply brief on appeal. *See Knappenberger v. Shea,* 874 P.2d 498 (Colo. App.1994).

The order is affirmed.

PLANK and MARQUEZ, JJ., concur.