**FEDERAL INSURANCE COMPANY,**
**Plaintiff–Appellee,**

v.

**FERRELLGAS, INC., Defendant–**
**Appellant.**

**No. 96CA1090.**

Colorado Court of Appeals,
Div. III.

Oct. 30, 1997.

Senter Goldfarb & Rice, L.L.C., John D. Hayes, Denver, for Plaintiff–Appellee.

Stettner Miller and Cohn, P.C., John S. Finn, Denver, Lathrop & Gage, Peter S. Daniel, Thomas S. Stewart, Kansas City, MO, for Defendant–Appellant.

Opinion by Judge BRIGGS.

In this subrogation action, defendant, Ferrellgas, Inc. (the gas company), appeals the judgment entered following a bench trial finding it liable to plaintiff, Federal Insurance Company (the insurance company), for real property damages. The gas company does not challenge its liability for negligence in causing the damages. Instead, it contends the trial court erred in its awards of property damages, lost rents, interest, and costs. We affirm in part, reverse in part, and remand with directions.

A house and nearby landscaping were destroyed by fire. At the time of the fire, the owner was living out-of-state and renting the property to tenants for their residence. The fire erupted when a propane gas tank that had been serviced by the gas company sprung a leak and was ignited by a furnace.

Pursuant to the terms of the insurance policy it had issued to the owner, the insurance company paid for the replacement value of the house and landscaping. It also paid lost rents for the six-month period it was estimated would be needed to build a new house.

The insurance company, as subrogee of the owner, then filed this negligence action against the gas company. Even though the owner had sold the property before trial without commencing any restoration, the trial court awarded the insurance company the cost of restoration for both the house and landscaping and lost rents for a reasonable period of reconstruction, together with prejudgment interest and costs.

## I.

The gas company first asserts the trial court erred in awarding the insurance company the cost of restoring the house and landscaping. In the circumstances presented here, we agree.

■ The measure of damages ordinarily applied is the market value before and after the injury. A trial court has discretion to apply a different measure, such as cost of restoration, but only in appropriate circumstances. *Board of County Commissioners v. Slovek*, 723 P.2d 1309 (Colo.1986).

■ Factors to be considered in determining whether to apply a measure of damages other than diminution in market value include the nature of the owner's use and of the injury. While there is no set list of standards to apply in determining the most appropriate measure of damages, the trial court must take as its principal guidance the goal of reimbursing the plaintiff for losses actually suffered. *Board of County Commissioners v. Slovek, supra.*

In order to achieve its goal, the court must be vigilant not to award damages greater than losses actually suffered, thereby inflicting punishment on the defendant or encouraging economically wasteful remedial expenditures by the plaintiff. Hence, the trial court must consider the owner's use of the property both before and after the property damage has been sustained to assure that any

monetary damages awarded are truly and reasonably necessary to achieve the objective of making the plaintiff whole. *Board of County Commissioners v. Slovek, supra.*

■ Here, the owner sold his rental property before trial in its damaged condition, without making any attempt at repair or restoration. In the same circumstances, the supreme court in *Zwick v. Simpson*, 193 Colo. 36, 38, 572 P.2d 133, 134 (1977), concluded that the owner's actual loss "was and could only be the amount by which the market value of his property diminished as a result of defendant's actions."

We recognize that the decision in *Zwick* was rendered before that in *Board of County Commissioners v. Slovek, supra.* However, the supreme court in *Slovek* neither overruled nor criticized the holding or the rationale in *Zwick*. We therefore deem *Zwick* controlling in the circumstances presented here.

That the insurance company rather than the owner was the plaintiff in this case is of no consequence. The rights of the insurance company, as subrogee, are no greater than those of the owner. *Browder v. United States Fidelity & Guarantee Co.*, 893 P.2d 132 (Colo.1995). Hence, because the trial court could not have awarded costs of restoration to the owner, neither could it award such damages to the insurance company.

We note that neither party presented evidence at trial of the decrease in market value. However, because the trial court had already determined it would apply a different measure of damages, neither had occasion to present such evidence. Both should therefore be given the opportunity to do so in a new trial. See *Board of County Commissioners v. Slovek, supra; Zwick v. Simpson, supra.*

In sum, we conclude that, in the circumstances presented here, actual losses must be measured by diminution in market value. Thus, the cause must be remanded for a new trial on damages.

## II.

The gas company next contends the trial court erred in awarding the insurance com-

pany $3,000 in lost rents. Based on the evidence and arguments before us, we conclude to the contrary.

■ Damages awarded for injury to real property generally include compensation for the loss of use of the land, which may take the form of lost rents. The compensation is in addition to any property damages awarded, whether measured by cost of restoration or market value. See *Board of County Commissioners v. Slovek, supra*; Restatement (Second) of Torts § 929 (1979).

■ Here, evidence was introduced indicating that, prior to the fire, the owner was collecting $500 per month renting his house. Evidence also revealed it would take approximately six months to rebuild the house. Accordingly, the trial court awarded the insurance company $3,000 for rental loss during a reasonable reconstruction period.

■ On appeal, the gas company does not argue that, if the proper measure of damages is diminution in value, remand is necessary for determination of lost rents based on a reasonable period of time to resell the property. Instead, its sole argument is that, because the proper measure of damages was diminution in market value and the owner sold the property without making any repairs, the insurance company should not have been awarded any damages for lost rent.

However, as previously discussed, a party can be properly awarded lost rents, whether property damage is measured by cost of restoration or diminution in market value. The record indicates that the property was for sale even before the fire and was in fact sold more than six months after the fire.

The gas company does not argue that the choice of sale over restoration was unreasonable or that six months is an unreasonable period of time to allow for sale of the property. Accordingly, albeit for a different reason, we find no error in the trial court's award to the insurance company of $3,000 for six months of lost rents.

## III.

■ The gas company asserts the trial court erred in awarding the insurance com-

pany pre-judgment interest and in allowing the interest to accrue from the date of the fire rather than the date the complaint was filed. We disagree with both contentions, but we set aside the award and remand the cause so the trial court can recalculate pre-judgment interest on its new award of damages.

The trial court awarded the insurance company pre-judgment interest pursuant to 5–12–102(1)(b), C.R.S.1997, which entitles creditors to recover interest:

> for all moneys or the value of all property after they are wrongfully withheld or after they become due to the date of payment or to the date judgment is entered, whichever first occurs.

Colorado courts have given this statute a liberal construction and, in so doing, have uniformly upheld awards of pre-judgment interest in property damage cases. They have been equally consistent in holding that interest accrues in a property damage case from the time the cause of action accrued; in other words, from the date on which the injured party was wronged. See *Mesa Sand & Gravel Co. v. Landfill, Inc.*, 776 P.2d 362 (Colo.1989) (upholding award of interest on claim of breach of contract from the time the property was damaged); *Isbill Associates, Inc. v. City & County of Denver*, 666 P.2d 1117 (Colo.App.1983) (upholding award of interest on claims for negligence and breach of implied warranty from the time the property was damaged); see also *Burt v. Beautiful Savior Lutheran Church*, 809 P.2d 1064 (Colo.App.1990). Therefore, although on remand pre-judgment interest must be recalculated on the new award of damages, we conclude the trial court correctly determined that pre-judgment interest is to be calculated beginning January 13, 1993, the date of the fire.

The gas company in the alternative argues that, if interest accrues from the time of the fire, it can accrue only until the owner sold the property. However, because the argument was raised for the first time in the reply brief, we do not address it in this appeal, see *Osborne v. State Farm Mutual Automobile Insurance Co.*, 923 P.2d 304

(Colo.App.1996), and we express no opinion as to whether it may be asserted in the trial court on remand.

## IV.

The gas company's last contention is that the trial court erred in ignoring its objections and awarding the insurance company costs without holding a hearing to determine whether those costs were reasonably and necessarily incurred. We agree.

The trial court properly determined that the gas company was entitled to costs pursuant to 13–16–104, C.R.S.1997. However, unlike costs such as filing, jury, and lay witness fees, the amounts of which are established by statute, the necessity and reasonableness of expert witness fees and expenses is not verifiable by reference to any statute or fixed standard. Accordingly, a party who challenges the necessity and reasonableness of such fees is entitled to an evidentiary hearing. *Dunlap v. Long*, 902 P.2d 446 (Colo.App.1995).

A party is also entitled to have the trial court make findings sufficient to disclose the basis for its decision to award costs and to support the amount awarded. See *Van Steenhouse v. Jacor Broadcasting*, 935 P.2d 49 (Colo.App.1996), *cert. granted on other grounds*; *Fenton v. Fibreboard Corp.*, 827 P.2d 564 (Colo.App.1991), *rev'd in part on other grounds*, 845 P.2d 1168 (Colo.1993). In the absence of such findings, an appellate court cannot adequately assess the propriety of the trial court's award. *Van Steenhouse v. Jacor Broadcasting, supra*.

Here, after prevailing at trial, the insurance company submitted a Motion for Judgment for Costs and a Bill of Costs. The gas company filed a response in which it objected to the award of any costs except for the insurance company's fees for filing and service of process. It argued that, "at a bare minimum," the court should conduct a hearing. The trial court, without holding a hearing, entered judgment for costs in the amount of $45,485.13, the precise amount the insurance company had requested.

The bill of costs consisted of broad categories of alleged costs and a total dollar amount for each. It included, among other things, expert witness fees, travel expenses, copying costs, service of process fees, and telephone charges. The insurance company did not tender to the court, and the court did not request, any documentation indicating that any of these costs had in fact been incurred, or that they were necessary and reasonable. In its order of judgment, the trial court concluded without discussion that the costs were reasonably and necessarily incurred.

In the absence of evidence and findings, we cannot determine whether the award of costs was proper. See *Van Steenhouse v. Jacor Broadcasting, supra*; *Dunlap v. Long, supra*. Therefore, while the award is affirmed as to those costs not disputed by defendant, including the fees for filing and service, the remainder of the award must be set aside. The cause must also be remanded for a hearing on the necessity and reasonableness of disputed costs and a ruling that contains findings sufficient to permit appellate review.

The trial court's award of damages for lost rents is affirmed, together with its determination of the method for calculating pre-judgment interest and its award of costs not disputed on appeal. Its awards of damages to the owner's property, pre-judgment interest, and costs other than those not disputed are reversed. The cause is remanded for a new trial on damages to the owner's property measured by diminution in market value, for recalculation of pre-judgment interest on the damages awarded, for a hearing and findings on those costs requested by the insurance company that are disputed, and for consideration of any other issues the parties may raise on remand.

HUME and JONES, JJ., concur.