Mark COMTE, Plaintiff–Appellee,

v.

Laura WILSON, Defendant,

and

City of Colorado Springs, Intervenor–Appellant.

No. 06CA1150.

Colorado Court of Appeals, Div. VI.

Nov. 1, 2007.

tion of attorney fees incurred by plaintiff, Mark Comte. We affirm.

## I. Background

In March 2003, while acting in the course and scope of his employment with the city, Comte was injured by defendant, Laura Wilson. The city admitted liability for Comte's injuries under the Workers' Compensation Act and provided him with medical and disability benefits in excess of $150,000.

Comte later sued defendant to recover for his injuries. The city intervened to protect its statutory right to subrogation. The suit resulted in a $100,000 settlement.

Comte and the city then asked the trial court to divide the settlement proceeds under *Colorado Compensation Insurance Authority v. Jorgensen*, 992 P.2d 1156 (Colo.2000). After hearing evidence, the court (1) determined that sixty-eight percent of Comte's damages were attributable to noneconomic losses and thirty-two percent to economic losses, (2) divided the settlement proceeds accordingly, and (3) ordered the city to pay thirty-two percent of Comte's attorney fees under the common fund doctrine.

## II. Discussion

The common fund doctrine applies when a plaintiff creates or increases a monetary fund for the benefit of an ascertainable class. *Kuhn v. State*, 924 P.2d 1053, 1058 (Colo.1996). It is a basic rule of equity that prevents "passive beneficiaries from being unjustly enriched by requiring them to bear a fair share of the costs incurred by the active litigant." *Castellari v. Partners Health Plan of Colo., Inc.*, 860 P.2d 593, 595 (Colo.App.1993).

In *County Workers Compensation Pool v. Davis*, 817 P.2d 521 (Colo.1991), the supreme court recognized that the common fund doctrine may apply in workers' compensation cases. The court noted that no statute addressed apportionment of fees and costs in such cases. *Davis*, 817 P.2d at 525. (This has since changed. For injuries occurring on or after July 1, 2003, apportionment may be ordered in workers' compensation cases only

Daniel G. Kay, Colorado Springs, Colorado, for Plaintiff–Appellee.

Ritsema & Lyon, P.C., Joseph C. Irwin, T. Paul Krueger, II, Denver, Colorado, for Intervenor–Appellant.

Opinion by Judge RUSSEL.

The City of Colorado Springs appeals the trial court's order requiring it to pay a por-

as set forth in section 8–41–203(1)(e), C.R.S. 2007.) And it held that

> where, as here, an injured employee's tort claim against a third party is settled for an amount greater than the insurer's subrogation claim for workers' compensation benefits, and the insurer has not actively participated in the tort litigation, a court may order the insurer to pay a reasonable share of the attorney fees and court costs incurred by the employee in the tort litigation.

*Davis*, 817 P.2d at 526.

Relying on the language of *Davis*, the city argues that the trial court could not apportion Comte's attorney fees because (1) Comte's tort claim against Wilson was settled for *less* than the amount of the city's subrogation claim, and (2) the city was not wholly passive in the tort litigation. We disagree.

### A. Settlement Amount

■ The city asserts that *Davis* announced a broad rule limiting apportionment under the common fund doctrine. It argues that a trial court may order apportionment only if there is proof of two separate conditions, one of which is that the employee's tort claim yields a recovery that exceeds the insurer's subrogation claim.

Although *Davis* may be read to support the city's position, we reject that interpretation. In our view, *Davis* did not establish two conditions precedent to apportionment in all cases. It simply held that apportionment was appropriate under the circumstances of that case.

We discern no reason for the rule that the city has advanced. Assuming that an insurer is a passive beneficiary of an employee's efforts in tort litigation, it makes no sense to (1) allow apportionment where both the insurer and employee benefit (because the settlement amount exceeds the subrogation claim), but (2) disallow apportionment if the insurer alone will benefit (because the settlement amount is less than the subrogation claim). Indeed, in the latter circumstance, it may be more appropriate to require the insurer to pay *all* the attorney fees. *See Neumann v. Am. Family Ins.*, 5 Neb.App. 704, 563 N.W.2d 791, 797–98 (1997) (ordering insurer to pay all attorney fees where it was the passive beneficiary of the entire settlement).

Because Comte and the city both benefited from the litigation, we conclude that the trial court could order apportionment under the common fund doctrine, even though the settlement amount was less than the city's subrogation claim. *See Kuhn*, 924 P.2d at 1057–58 ("[C]ommon fund fees result in a sharing of the fees among those benefited by the litigation." (quoting *Brown v. Phillips Petroleum Co.*, 838 F.2d 451, 454 (10th Cir.1988))).

### B. Passive Participant

■ Contrary to the city's argument, the common fund doctrine does not employ a bright-line distinction between active and passive participation. A trial court does not lose its ability to order equitable apportionment once the insurer has "actively participated" in some aspect of the plaintiff's suit against the tortfeasor. Rather, the "insurer's active participation in the tort litigation . . . and its significant contribution to a favorable judgment or settlement award" are factors—"appropriate matters for a court to consider in determining whether, and if so in what manner, to apportion the litigation expenses between the insurer and the employee." *Davis*, 817 P.2d at 527.

Here, the trial court found that the city's efforts, although diligent, did not meaningfully contribute to the settlement. Under the circumstances, the court did not abuse its discretion in ordering the city to pay a portion of Comte's attorney fees.

### III. Attorney Fees on Appeal

■ Because the city's appeal is not substantially frivolous, groundless, or vexatious, we reject Comte's request for an award of attorney fees incurred on appeal. *See* C.A.R. 39.5; *Grynberg v. Phillips*, 148 P.3d 446, 450 (Colo.App.2006).

The order is affirmed.

Judge CARPARELLI and Judge HAWTHORNE concur.